## COMMISSIONER OF INTERNAL REVENUE v. T. R. MILLER MILL CO.

### No. 8915.

Circuit Court of Appeals, Fifth Circuit.

March 13, 1939.

F. E. Youngman and Sewall Key, Sp. Assts. to Atty. Gen., Jas. W. Morris, Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Stanley B. Pierson, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., for petitioner.

W. W. Spalding, of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

T. R. Miller Mill Company is an Alabama corporation. On May 26, 1927, at a special directors meeting it was voted that $500,000 of the company's surplus be distributed to its stockholders in amounts proportionate to their stock in the company. At the same meeting the president and secretary of the company were authorized to borrow from the stockholders, or trustees representing the stockholders, the amount so distributed to them.

Subsequent to the meeting of the directors, the stockholders executed an agreement by which they named trustees to receive the $500,000 which had been authorized to be distributed. The stockholders also authorized the trustees to lend to the T. R. Miller Mill Company the money they were to receive and to take a note, or notes, from the company for the amount so loaned. The trustees were instructed to collect any interest due on the indebtedness so created and to distribute the interest to the stockholders in proportion to the amount of stock

owned by them in the T. R. Miller Mill Company.

On or about the date of the execution of the trust agreement the corporation executed a note for $500,000 payable to the stockholders' trustees. The note was due one year from date and bore interest at the rate of six per cent per annum. No part of the principal of the $500,000 note has been paid. Each year the T. R. Miller Mill Company paid $30,000 interest on the note to the trustees and the trustees distributed this amount to the stockholders. The corporation deducted these annual payments from its gross income as interest paid on indebtedness. This deduction was allowed by the Commissioner for the years prior to 1932, but was disallowed by him for the taxable years 1932 and 1933. He disallowed the deductions on the ground that the payments were not interest, but constituted dividends.

T. R. Miller Mill Company petitioned the Board of Tax Appeals complaining of the Commissioner's deficiency assessments. The Board, after a hearing, found for the taxpayer and allowed the deductions. From the decision of the Board the Commissioner has brought this appeal.

The question presented is whether the $30,000 paid by the taxpayer to the stockholders' trustees represented interest paid on indebtedness.

The statute involved provides, among other things, that in computing net income there should be allowed as deductions "All interest paid or accrued within the taxable year on indebtedness, * * *." Revenue Act of 1932, c. 209, 47 Stat. 169, 179, Sec. 23(b), 26 U.S.C.A. § 23 note.

There is no comprehensive rule by which the question of deductibility may be decided in all cases. Whether the payments involved represent interest on indebtedness depends upon the relationship of the parties. The fundamental consideration is whether the arrangement under which the taxpayer paid $30,000 each year to the trustees gave rise to the relationship of debtor and creditor. Commissioner of Internal Revenue v. Proctor Shop, Inc., 9 Cir., 82 F.2d 792.

The note given by the corporation to the stockholders' trustees on its face represents an unconditional promise to pay $500,000 and interest. The mere fact that the note was not paid when due does not change the character of the obligation. The company had legally declared a dividend. The stockholders authorized their trustees to receive the dividend. The $500,000 note given to the trustees in payment of the dividend was binding on the company and created the relationship of debtor and creditor. We are of opinion that the payments of $30,000 were clearly payments of interest on an indebtedness, and, therefore, deductible under the provisions of Sec. 23(b), Revenue Act of 1932.

The petition is denied and the judgment of the Board is affirmed.