## GREENWOOD COMPRESS & STORAGE CO. v. FLY.

### No. 8961.

Circuit Court of Appeals, Fifth Circuit.

March 23, 1939.

Alfred Stoner and Nelson E. Taylor, both of Greenwood, Miss., for appellant.

James W. Morris, Asst. Atty. Gen., and John J. Pringle, Jr., Sp. Asst. to Atty.

Gen., and Toxey Hall, U. S. Atty., and A. Y. Harper, Asst. U. S. Atty., both of Jackson, Miss., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for the recovery of a five per cent excise tax assessed and collected from plaintiff under Section 213 (a) [1] of the National Industrial Recovery Act (48 Stat. 206), on dividends paid by appellant after the effective date of the Act, June 16, 1933.

The claim was that the dividends were tax exempt under the Act, because, though paid after June 16, 1933, when it took effect, they had been declared before that date.

The defense was that though the resolution of the stockholders of June 6, 1933,[2] was valid and effective as a declaration of dividends prior to the taking effect of the Taxing Act, and dividends paid under it would have been tax exempt, the dividends in question here were not tax exempt because not paid upon the authority of, nor from the sources pointed out in, that resolution.

Plaintiff proved that the stockholders of the corporation customarily declared dividends; that the stockholders resolution was passed as pleaded; that the facts stated in it as to the assets on hand available for the declaration and payment of dividends were true; that the dividends were paid under and by authority alone of that resolution, and that the dividends were paid as cash was received on the enumerated assets which were on hand at the time of the declaration of the dividend, although a small amount of money which came into the corporation subsequent to the declaration of the dividend was commingled with that which was then on hand.

The District Judge thought the plaintiff's burden both one of tracing into each dividend the assets specified in the resolution, and of excluding therefrom moneys derived from any other source. He found that some funds from sources other than those mentioned in the resolution, had come into the corporation after the declaration of the dividend, and had been commingled with those so mentioned, and that some at least, of the dividends had been paid from this commingled fund. So thinking and finding, he concluded that though the resolution was a valid and legal one, and plaintiff would have been entitled to judgment if it had proved that it had exactly complied with it by paying the dividends solely from the assets mentioned in it, plaintiff had not so proven and therefore could not recover.

Appealing from the judgment, plaintiff, urging that the District Judge has completely misapprehended alike the nature and effect of its burden, the nature and effect of the resolution, and the nature and effect of the proof, insists that the judgment was wrong, and must be reversed.

Pointing out the extreme simplicity of the Act under construction, and of the facts as the undisputed evidence establishes them, it argues that the case it made establishes the dividends as tax exempt within both the letter and the spirit of the Act. Pointing out that nothing either in the Act or in the resolution requires dividends to be paid out of specific property, it insists that both Act and resolution are satisfied here by, the definite, fixed and irrevocable declaration of the dividend, when there were sufficient assets on hand reasonably available to support the decla-

---

[1] Section 213 (a). "There is hereby imposed upon the receipt of dividends (required to be included in the gross income of the recipient under the provisions of the Revenue Act of 1932) by any person other than a domestic corporation, an excise tax equal to 5 per centum of the amount thereof, such tax to be deducted and withheld from such dividends by the payor corporation. The tax imposed by this section shall not apply to dividends declared before the date of the enactment of this Act."

[2] "It appearing to the Stockholders of this Company that it has accrued stor-age charges amounting to more than $85,-000.00 secured by cotton in storage and loose cotton in bales worth more than $35,000.00, cash on hand amounting to more than $16,000.00 as well as freight bills in the sum of about $6,000.00, it is ordered that a dividend of 48% or $120,-000.00 be declared, and the manager of this company is hereby instructed to set these items up on the books of this company and as these items are realized upon, to pay out to the stockholders of this company, from time to time, their proportionate part of such amounts."

ration, and the subsequent payment of the dividends pursuant to and by its authority.

Appellee, admitting that a reference in the resolution to particular assets was unnecessary to the validity of the dividend, but insisting that the resolution must be given effect as written, urges upon us that it authorized only a dividend payable not out of the general but out of specific assets of the company, and being so payable, it was plaintiff's burden to show that it was so paid. For to the extent that it was paid out of assets later received, rather than out of those referred to in the resolution as on hand, it was a dividend both declared and paid after the taking effect of the Act. So postulating, he insists that since the evidence fails to show how much of the dividend payments came from later acquired assets, plaintiff has failed to sustain its burden, and the judgment was right.

We do not think so. We think it quite clear that the resolution was not one directing payment in kind, or out of particular assets, in the sense that these assets had to be segregated and exclusively applied to the payment of the dividends. The resolution merely referred to these assets as the justification for the dividend, and the general source out of which moneys to pay it were to be realized. It did not earmark, sterilize and segregate these moneys and funds from other moneys and funds of the company. It merely instructed the manager to set these items up on the books, and as they were realized upon, to pay to the stockholders of the company, from time to time, their proportionate part of such amounts. Some of the items were cash, some were accounts, some were loose cotton. It was perfectly proper for the taxpayer thereafter to mingle these funds with others, and to pay dividends out of the mingled funds, so long as it could show as it did here, that amounts equivalent to the amounts paid out in dividends, were or had been realized from these sources during the period in which the dividends were paid and that the dividends were paid under the authority of the resolution. It is wholly incorrect to say, therefore, that plaintiff was under the burden of keeping segregated and tracing the particular sums derived from these particular assets, into the dividends. Its burden was satisfied when it showed a positive declaration of the dividends with assets on hand and available in character and amount to pay them, and that it did pay them under the declaration out of moneys received from these sources, or the equivalent of such moneys. What is important here is the showing plaintiff made; that the dividend was unconditionally and unequivocally declared prior to the 16th day of June, 1933; that the relationship of debtor and creditor was thus created between the corporation and its stockholders, and that the dividends in question were paid pursuant to that relationship and in partial discharge of the debt thus created. United States v. Southwestern R. R. Co., 5 Cir., 92 F.2d 897; c/f Commr. of Internal Revenue v. T. R. Miller Mill Co., 102 F.2d 599, March 13, 1939.

Many cases construing dividend resolutions adopted before the effective date of the Act are cited to us by appellant and appellee. Some of these cases are in apparent conflict. We need not, however, concern ourselves with any of them. For having to do with the sufficiency of the declaration, and not with the sufficiency of the payment under the declaration, none of them bear, or throw light, upon the question at issue here. For here the validity of the declaration is conceded. What is in question is the validity of the payment; that is, conceding the validity and binding effect of the declaration, whether the actual payment of the dividends is properly referable to it.

We think the record admits of no doubt that each of the dividends paid and in question here, was so referable; and that the judgment should be reversed, and the cause remanded, with directions to enter judgment for plaintiff.

Reversed and remanded with directions.