PRATT–MALLORY CO., Inc., v. UNITED
STATES.
No. M–225.

Court of Claims.
Jan. 6, 1936.

F. W. McReynolds, of Washington, D. C., for plaintiff.

J. H. Sheppard, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The facts show that prior to January 1, 1925, the Warfield-Pratt-Howell Company, of Des Moines, Iowa, hereinafter referred to as the Pratt Company, was operating a wholesale grocery business with branches at various places, one of which was in Sioux City. In June, 1925, certain individuals contemplating the organization of plaintiff entered into negotiations with the Pratt Company for the acquisition of its Sioux City branch, with the exception of certain assets not here material, substantially on the basis of cost of those assets to the Pratt Company as shown by its inventory on January 1, 1925, with adjustments for subsequent purchases and sales. To the price thus determined was to be added interest at 4½ per cent. per annum from December 31, 1924, to the date of full performance of the contract. Plaintiff was duly incorporated and the purchase was consummated July 22, 1925, as above. New books of account were not opened when plaintiff took over the business; the entire enterprise thereafter continuing as if there had been no change in ownership. The purchase price, based on the cost of the assets to the Pratt Company with adjustments referred to in the contract, was paid by plaintiff in cash and it also paid interest on the purchase price as adjusted under the contract. Thereafter, in due time, plaintiff filed a tax return for 1925 in which was included the income of the business for the entire calendar year 1925 without any adjustment or reduction by reason of the ownership of the business from January 1 to July 22, 1925, by the Pratt Company. This return showed a net income for the entire calendar year of $127,041.87 and a tax of $16,515.44, which was paid. Thereafter plaintiff filed a timely claim for refund of a portion of such tax on the ground that the income from the business which it had purchased from January 1 to July 22, 1925, was the income of the Pratt Company, and therefore should not have been included in its return. The record does not disclose whether the Pratt Company included the income of the Sioux City branch from January 1 to July 22, 1925, in its return, but, at the time plaintiff filed its claim for refund and brought this matter to the attention of the Commissioner of Internal Revenue, the assessment and collection of any tax due on such income from the Pratt Company were not barred by any statute of limitation, and there was still plenty of time for the Commissioner to determine and assess any tax that might be due on the income of the business of the Sioux City branch for the period mentioned against the Pratt Company. However, the Commissioner denied plaintiff's claim for refund on the ground that the amount paid by plaintiff to the Pratt Company for the assets acquired July 22, 1925, was less than the cost of such assets to the Pratt Company, which difference he designated as a discount, and that, when this so-called discount was given proper recognition in connection with the merchandise sold from July 22 to December 31, 1925, the profits realized by plaintiff during that period would not be less than that shown on the return, which included the income of the business for a period of approximately seven months prior to its acquisition by plaintiff. Thereupon this suit was timely instituted and the defendant now urges the same proposition in opposition to plaintiff's right to recover. In addition, the defendant urges certain other grounds against recovery which will be separately considered.

■ The parties agree that the Pratt Company and the plaintiff were separate and distinct corporations and that plaintiff is correct in its contention that the income of the Sioux City branch for the period January 1 to July 22, 1925, was the income of the Pratt Company and was not taxable to plaintiff. They also agree that the starting point for the determination of plaintiff's profits on sales of merchandise during the period July 22 to December 31, 1925, is the cost of such merchandise to

plaintiff. But the defendant contends that this cost, in so far as it concerns the merchandise on hand at July 22, 1925, was less than the cost of such merchandise to the Pratt Company; that a reasonable conclusion, based on an inventory turnover of from three to six times during the year, is that all goods on hand at July 22, 1925, were sold during the remainder of the year, and that the difference in cost to the Pratt Company and to plaintiff would, accordingly, constitute an additional profit realized by plaintiff in that period which was not accounted for in the return as filed for the full year 1925. This reasoning of the defendant, however, presupposes that the cost of the business to plaintiff was less than its cost to the Pratt Company, but we find that this was not the case. When the item of interest paid by plaintiff as part of the purchase price is taken into consideration, together with other amounts paid as set forth in the findings, there was a greater amount paid by plaintiff for the assets than their cost to the Pratt Company. It follows that no increase should be made on account of the purchase of the business by plaintiff in the profits realized by it during the period July 22 to December 31, 1925, which profit we have found amounted to $61,661.26 without excluding the deduction of the two items mentioned below.

■ The next item relates to a claimed deduction of $22,131.91 for interest paid by plaintiff to the Pratt Company in connection with the purchase price at July 22, 1925. The amount of $14,631.91 of this amount was taken as a deduction on the return in computing the income for the entire calendar year 1925. Although it was denominated interest as a means of adjusting the purchase price, it was not such an item of interest as was legally deductible in determining net income. It represented an additional amount paid by plaintiff and received by the Pratt Company for the assets, and such a payment does not constitute an allowable deduction from gross income. The income of plaintiff for the period July 22 to December 31, 1925, should, accordingly, be increased by $14,631.91, the amount of this unallowable deduction.

■ A further increase should also be made in the income of plaintiff for the period July 22 to December 31, 1925, in the amount of $5,638.75, representing the claimed deduction for a reserve set up at December 31, 1925, against anticipated loss on canned goods. Brown v. Helvering, 291 U.S. 193, 54 S.Ct. 356, 78 L.Ed. 725. The defendant claims that the income should be further increased on account of the alleged excessive depreciation claimed in the return, but the record does not support this claimed adjustment.

In accordance with the facts, as explained above, plaintiff's correct taxable net income for the period July 22 to December 31, 1925, is $81,931.92 (finding 11).

Plaintiff is therefore entitled to recover, but entry of judgment will be suspended to await the filing by the parties of a computation showing the amount of the overpayment, together with a statement showing the date, or dates, on which the tax of $16,515.44, shown on the return filed by plaintiff for 1925, was paid. It is so ordered.