COLUMBIA RIVER PAPER MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97938.   Promulgated December 18, 1940.

*Clarence D. Phillips, Esq.*, for the petitioner.
*B. H. Neblett, Esq.*, for the respondent.

OPINION.

SMITH: This is a proceeding for the redetermination of a deficiency in income tax for 1937 in the amount of $2,089.34, of which amount only $1,774.29 is in controversy. The question in issue is whether the petitioner is entitled to deduct from gross income the full amount of interest which accrued upon its bonds outstanding during the year, or only such portion thereof as the number of days that they were outstanding bears to the total interest accrual period.

The proceeding was submitted to the Board upon the pleadings, a signed stipulation of facts, incorporated herein by reference, and certain exhibits received in evidence.

The petitioner is a corporation organized and existing under the laws of the State of Washington, with its principal business office in Portland, Oregon. It was incorporated in 1923. It has had outstanding from the date of organization both common and preferred shares of capital stock, the preferred shares providing for the payment of accumulative dividends at the rate of 8 percent per annum. For a number of years prior to the taxable year no dividends were paid upon the preferred shares.

Under date of August 1, 1937, the petitioner offered to exchange for shares of its preferred stock income 5 percent bonds maturing August 1, 1967, bearing interest from July 1, 1937, payable if earned, at the rate of $140 par value of bonds for each $100 par value of preferred stock. The owners of approximately one-half of the preferred stock outstanding accepted the proposition and sent in preferred stock certificates in exchange for the bonds. Up to December 31, 1937, the petitioner had issued $455,000 of the bonds in exchange for shares of preferred stock.

The petitioner, keeping its books of account and making its income tax returns upon the accrual basis, accrued as interest payable upon its income bonds for 1937 $11,375 (interest from July 1 to December 31, 1937), and claimed the amount as a legal deduction from gross income in its tax return. In his audit of the return the respondent disallowed the deduction from gross income of $5,754.22 of the $11,375 on the ground that this represents the interest which accrued prior to the date the bonds were outstanding.

In his deficiency notice the respondent states in part:

(b) Deduction claimed on account of interest accrued on income bonds, in the amount of $11,375.00, is disallowed to the extent of $5,754.22 it being held that to such extent the claimed deduction does not represent interest on indebtedness within contemplation of section 23 (b) of the Revenue Act of 1936.

The section referred to above permits the deduction from gross income of "All interest paid or accrued within the taxable year on indebtedness."

The Commissioner's regulations do not cover the precise point herein presented. Counsel have not cited any published ruling by the respondent or any Board or court decision that is strictly in point. In *Boston Elevated Railway Co.*, 37 B. T. A. 494, however, one of the questions in issue was whether the company was entitled to deduct as interest from the gross income of 1931 $156,206.11 representing an accrual of interest from July 1 to August 18, 1931. Under a statute dividends on preferred stock were to cease as of July 1 and the preferred stockholders were thereafter recognized as creditors. The trustees for the company fixed August 18 as the date for the surrender and cancellation of the preferred stock. The respondent had disallowed the deduction of the $156,206.11 upon the ground that it had not accrued on outstanding indebtedness. We held (p. 508) that it was deductible as interest. In *Hummel-Ross Fibre Corporation*, 40 B. T. A. 821, the Board held that a corporation on the accrual basis which issued preferred stock in exchange for its outstanding bonds and accrued interest was entitled to deduct from gross income the amount of the interest which had accrued upon the bonds to the date of exchange.

In this proceeding the respondent does not question the liability of the petitioner to pay the full amount of $11,375 of interest accrued upon its books. He simply says that a portion of that amount is not deductible from gross income because it accrued upon obligations before they were issued and outstanding. He argues that the $5,754.22 disallowed as a deduction represents a dividend paid by the petitioner upon its preferred stock. This is upon the theory that the interest payable on the preferred stock starts to accrue at the 5 percent rate only from the date the income bond was exchanged for shares of preferred stock, and that the interest accrued by the petitioner on the bonds from July 1 to the date of exchange was a dividend payable by the petitioner and not interest upon indebtedness.

We think that this contention of the respondent can not be sustained. Dividends paid by a corporation must generally be paid pro rata to the stockholders. The interest upon the bonds was not so paid. There was clearly no intention on the part of the corporation to pay a dividend in 1937.

Section 23 (b) of the statute permits the deduction of interest "paid or accrued within the taxable year on indebtedness." It does not say that the indebtedness upon which interest has accrued and become a liability of the taxpayer must be outstanding during the entire interest accrual period. Thus, if a debtor keeping his books of account on the accrual basis is entitled to pay for a bill of goods without interest within sixty days from date of purchase, fails to make such payment within the sixty-day period, thereafter gives

an interest-bearing note bearing the date of purchase and payable within six months, we think that such debtor would be entitled to deduct the accrual of interest computed from the date that the note bears. The requirement of the statute is, in our opinion, clearly met if the interest accrual period falls within the taxable year, and the payment of the interest becomes a fixed liability of such year, as is the situation here.

The action of the respondent in disallowing the deduction of any part of the interest accrual of $11,375 claimed by the petitioner as a deduction from the gross income of 1937 is reversed.

*Decision will be entered under Rule 50.*