**COMMISSIONER OF INTERNAL REVE-
NUE v. COLUMBIA RIVER
PAPER MILLS.**

No. 9869.

Circuit Court of Appeals, Ninth Circuit.

March 30, 1942.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, William L. Cary, and Edward Hammond, Sp. Assts. to Atty. Gen., for petitioner.

Clarence D. Phillips, of Portland, Or. (Griffith, Peck, Phillips & Nelson, of Portland, Or., of counsel), for respondent.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This appeal is taken from a decision of the Board of Tax Appeals. It involves the question whether under § 23(b) of the Revenue Act of 1936, 26 U.S.C.A.Int.Rev. Code, § 23(b), the taxpayer is entitled to deduct from gross income for the year 1937 the full amount of interest accrued on bonds dated July 1, 1937, but not actually issued until later in that year.

Taxpayer is a Washington corporation. From the date of its organization in 1923 it had outstanding both common and preferred shares of capital stock, the preferred shares providing for the payment of cumulative dividends (denominated "interest" in the by-laws) at the rate of 8% per annum. For a number of years prior to the taxable year no dividends had been paid upon the preferred shares. Under date of August 1, 1937, the taxpayer offered

to exchange for shares of its preferred stock income bonds maturing December 31, 1967, at the rate of $140 par value of bonds for each $100 par value of preferred stock, the bonds to bear interest at the rate of 5% per annum from July 1, 1937, payable if earned. The bonds bore date July 1, 1937, and provided that the interest should be cumulative from and after that date; and that "in any event all accumulated and unpaid interest shall be paid at maturity, but such accumulated and unpaid interest shall not bear interest." The owners of approximately one-half of the preferred stock accepted the proposal and surrendered their certificates in exchange for the bonds, these exchanges being made after August 1 and prior to December 31, 1937, on which latter date $455,000 in bonds were outstanding.

The taxpayer kept its accounts and made its returns upon the accrual basis. Accordingly, it accrued interest for the full half year upon the outstanding bonds and claimed the amount as a deduction from gross income in its return for 1937. In his deficiency notice following an audit of the return the Commissioner stated that the "deduction claimed on account of interest accrued on income bonds in the amount of $11,375 is disallowed to the extent of $5,-754.22, it being held that to such extent the claimed deduction does not represent interest on indebtedness within contemplation of section 23(b) of the Revenue Act of 1936."

So far as pertinent, § 23(b) of that Act permits the deduction from gross income of "all interest paid or accrued within the taxable year on indebtedness." The position of the Commissioner here is that "there is no logical justification for taking deductions for interest upon bonds before they are issued, and further that such interest merely constitutes an addition to the principal amount paid for the stock." In his brief the Commissioner states that the question is one of first impression so far as the federal courts are concerned and that there is no treasury regulation bearing on the subject. The Board held with the taxpayer.

We think the Board's decision should be affirmed. It was plainly the intent of the taxpayer and those of its preferred stockholders who exchanged their stock for bonds that interest at the designated rate was to be paid on the principal of the bonds from July 1, 1937, to the date of maturity, or to such earlier date as the bonds might be called. The arrangement was a logical one under the circumstances, but even if it were not the fact is of no importance. It is not suggested that there was any purpose of tax avoidance in the minds of the parties, nor is it suggested that any of the holders of the bonds were, or properly should be, relieved of the payment of income taxes on interest accruing or received from the date of the bonds to the date of the exchange. In short, the situation is one where the parties to the transaction, being free to contract, have agreed on the one hand to pay, and on the other hand to accept, a definitely ascertainable sum as compensation for the use of money over a stated period of time.

There is no occasion for placing a strained construction upon the statute, or for subjecting this simple agreement to an accountant's interpretation. As said in Old Colony Railroad Co. v. Commissioner, 284 U.S. 552, 561, 52 S.Ct. 211, 214, 76 L.Ed. 484, "we think that, in the common understanding, 'interest' means what is usually called interest by those who pay and those who receive the amount so denominated in bond and coupon, and that the words of the statute permit the deduction of that sum, and do not refer to some esoteric concept derived from subtle and theoretic analysis." See, also, Commissioner v. Proctor Shop, Inc., 9 Cir., 82 F.2d 792, and Commissioner v. T. R. Miller Mill Co., 5 Cir., 102 F.2d 599.

Affirmed.