J. I. Fleischer v. Commissioner.
Fleischer v. Commissioner
Docket No. 111419.
United States Tax Court
1943 Tax Ct. Memo LEXIS 343; 1 T.C.M. (CCH) 1005; T.C.M. (RIA) 43201; April 26, 1943
*343 When insured exercises right to convert lower premium policies of life insurance into higher premium policies by paying the companies the difference in premiums with interest from respective due dates thereof to exchange dates, held, that sum designated as interest in conversion option is not interest on an indebtedness, deductible as interest under section 23 (b), I.R.C.
Thomas C. Lavery, Esq., for the petitioner. John O. Durkan, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $574.64 in the petitioner's income tax for the year 1940. The issue presented is whether or not the petitioner, when exercising his option to convert from lower to higher premium policies of life insurance, can deduct as interest under section 23 (b), I.R.C., an amount designated as interest on the difference between the two premiums computed from the due date of each of the premiums to the date of exchange. Findings of Fact The facts were stipulated and as so stipulated are adopted as findings of fact. The following statement adequately presents the issue: The petitioner, an individual, filed his income tax return for 1940 with *344 the Collector of Internal Revenue at Cincinnati, Ohio, showing a tax liability of $2,674.72. In computing his taxable income he claimed a deduction of $1,948.18 as interest. The respondent disallowed the deduction. On three different dates during 1940 the petitioner converted six of his outstanding life insurance policies into higher-premium policies. Two of the policies were with the New York Life Insurance Company of New York, New York, hereinafter sometimes referred to as New York Life, and the other four were with the Mutual Life Insurance Company of New York, New York. The following facts related to the conversion of two of the New York Life policies. Although the facts are not identical in all the transactions, the following sufficiently present the issue here involved: On November 22, 1940, the petitioner exercised his option to convert two ordinary life policies into fifteen-payment life policies. The conversion privilege was incorporated in the original policies. In order to effect the exchange he was required to surrender the original policies and to pay the difference between the premiums already paid and those payable at the higher rate on the new policies, together *345 with a sum termed compound interest at 6 per cent per annum on such difference, computed from the due date of each premium to the date of exchange. Allowance was to be made for any larger cash dividends on the new policies. In executing the exchange of policies the petitioner paid New York Life $4,543.66, computed as follows: Difference between premiums payable on original policies on ordinary life plan
and the policies received in exchange on fifteen-payment life plan ($1,711.80
on each policy)
$3,423.60
Compound interest at 6 per cent on the foregoing difference in amount of
premiums
1,626.92
$5,050.52
Less: Additional dividends payable on new policies ($185.70 on each
policy); and
$371.40
Interest on additional dividends on new policies ($67.73 on
each policy)
135.46
506.86
Net amount paid in exchange of policies
$4,543.66
New York Life reflected the difference in premiums charged on account of the exchange as a premium item but carried the so-called interest charged thereon as premium interest. By similar agreements petitioner exchanged four other policies in Mutual Life Insurance Company, resulting in net amounts paid of $1,038.77 and $32,172.78, including *346 compound interest in the amounts of $50.37 and $270.39. The aggregate of the three interest items, $1,947.68, is claimed as a deduction in the petition herein. Opinion VAN FOSSAN, Judge: The petitioner urges that the deduction is authorized by section 23(b), I.R.C.[1] Both parties agree that for interest to be deductible it must be paid on an indebtedness. The statute so provides. Our first inquiry is to determine when the petitioner became indebted to the insurance company and the extent of that debt. From the facts it would appear that the indebtedness arose on November 22, 1940, when petitioner and the company entered into a contract for the exchange of the policies. At that time petitioner became obligated to pay New York Life a certain sum of money calculated in accordance with the conversion option set forth in the original policies. This conversion charge consisted of two components. *347 One was the difference in the premiums and the other a sum designated as interest on such difference between each of the premium payments made and the payments required for the new policies computed from the date on which each of the premiums on the original policies was paid. The total of these two sums make up the principal of the petitioner's debt. That sum is the price which he was obliged to pay for the new policies. Thus, though denominated as interest, the sum so computed was not interest on an indebtedness in fact. It was but a convenient means of computing the purchase price of the new policies. Previously there had been no indebtedness. The creation of the indebtedness and the conversion of the policies were one transaction. "In the business world 'interest on indebtedness' means compensation for the use or forbearance of money. In absence of clear evidence to the contrary, we must assume that Congress has used these words in that sense." Deputy v. DuPont, 308 U.S. 488. Cf. Old Colony Railroad Co. v. Commissioner, 284 U.S. 552. Interest, therefore, may be considered either the price paid for the use of borrowed *348 money or the consideration paid a creditor for his forbearance to demand the payment of money due. Commissioner v. Park, 113 Fed. (2d) 352. The present case does not fall within either of these categories. The sum of money which the petitioner seeks to deduct as interest is but one element of an amount representing the difference in premiums on the policies. The petitioner did not borrow this sum from the insurance companies nor did the insurance companies have a right to demand its payment until they entered into a contract calling for the exchange of the policies. The fact that the computation involved use of percentage does not make it interest. Nor does the fact that the policies use the word "interest" in prescribing the computation fix its character. Likewise, the fact that New York Life on its books treated the sum designated as compound interest as premium interest does not render it deductible for tax purposes. Autenreith v. Commissioner, 115 Fed. (2d) 856. Columbia River Paper Mills, 43 B.T.A. 104, affirmed 126 Fed. (2d) 1009, relied on by the petitioner, *349 and Journal Co. v. Commissioner, 125 Fed. (2d) 349, reversing 44 B.T.A. 460, are clearly distinguishable on the facts. For the reasons set forth above, we conclude that the respondent properly disallowed the entire deduction. Decision will be entered for the respondent.
Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * * * *
(b) Interest. - All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations * * *.↩