**COMMISSIONER OF INTERNAL REVENUE v. DROVERS JOURNAL PUB. CO.**

**No. 8156.**

Circuit Court of Appeals, Seventh Circuit.

April 30, 1943.

---

Samuel O. Clark, Jr., Sewall Key, J. Louis Monarch, Wm. A. Clineburg, and A. J. Rockwell, Asst. Attys. Gen., for petitioner.

Thomas P. Riordan, of Chicago, Ill., for respondent.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

This is a petition to review a decision of the Tax Court involving respondent's income taxes for the year 1937.

There is no dispute as to the facts. Respondent is engaged in the publishing and radio broadcasting business. It has kept its books and made its tax returns on the accrual basis. During and prior to 1937 its total capital stock was owned by Corn Belt Publishers, Inc. November 1, 1937, Corn Belt had outstanding common and $400,000 of 7% cumulative preferred stock, on which no dividends had been paid for a number of years.

November 1, 1937, respondent submitted to Corn Belt's common and preferred stockholders a plan of recapitalization, proposing that if such stockholders would transfer all of their stock to respondent, respondent would issue one no-par share of its common stock in exchange for each 10 shares of Corn Belt common stock surrendered; and, further, in exchange for each share of Corn Belt preferred stock, respondent would issue its $10 face value 7% capital note, dated January 1, 1937, and maturing January 1, 1987, plus interest accrued thereon to date of exchange, thereby partially recouping the advantage lost in foregoing the preferred dividends accumulated because not earned.

The plan was accepted and on December 7, 1937, respondent issued and delivered $400,000 of its capital notes to Corn Belt's preferred stockholders in exchange for their stock. In such notes, dated January 1, 1937, the respondent, for value received, acknowledged itself indebted and promised to pay $400,000 on January 1, 1987, and to pay interest thereon semi-annually at 7% per annum. December 29, 1937, respondent paid to the holders of these notes $28,000, representing 7% on the $400,000 notes for the calendar year 1937, and on its income tax return for 1937 deducted $28,000 as "interest."

The Commissioner disallowed $26,082.19 of the claimed interest deduction, based on his determination that such amount incurred as a liability for the period January 1 to December 7, 1937, was not interest paid or accrued on indebtedness within the meaning of the statute.

Section 23(b) of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 26 U.S.C.A. Int. Rev.Code § 23(b), permits the deduction from gross income of "all interest paid or accrued within the taxable year on indebtedness."

In support of the order of the Tax Court, respondent, though conceding that no indebtedness existed prior to December 7, 1937, insists that the indebtedness was created on December 7; that it existed at the time of payment of the $28,000 and was respondent's fulfillment of its contractual obligation to pay the interest promised.

The argument is that by resorting to the phrase "on indebtedness" without inserting one single qualification, Congress indicated a disinclination to confine the term to a narrow field and denoted a deliberate intention not to be concerned with the time the

278

"indebtedness" was incurred, the period thereof, or with the circumstances of its origin. And the respondent asserts that the same attitude was displayed with respect to the words "all interest"; that there was opportunity here for the exercise of restriction and the words could have been qualified to exclude interest for a period non-conforming with the period of indebtedness.

■ To be sure, the popular or received import of words furnishes the general rule for the interpretation of public laws, and care should be exercised not to extend a statute by implication beyond the clear import of the language used. But it has been held that deductions from gross income are allowed as a matter of legislative grace, White v. United States, 305 U. S. 281, 292, 59 S.Ct. 179, 83 L.Ed. 172, and are strictly and narrowly construed, Pacific Co. v. Johnson, 285 U.S. 480, 491, 52 S.Ct. 424, 76 L.Ed. 893; Helvering v. Northwest Steel Rolling Mills, 311 U.S. 46, 49, 61 S. Ct. 109, 85 L.Ed. 29; United States v. Stewart, 311 U.S. 60, 71, 61 S.Ct. 102, 85 L. Ed. 40, and in securing them, the taxpayer must bring himself clearly within the terms of the statute, New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L. Ed. 1348; Burnet v. Thompson, etc., 283 U.S. 301, 51 S.Ct. 418, 75 L.Ed. 1049; Woolford Realty Co. v. Rose, 286 U.S. 319, 326, 52 S.Ct. 568, 76 L.Ed. 1128.

Respondent admits that the cases cited are authority for the rules quoted, but he makes the point that they may not be applied to establish a taxpayer's "eligibility to the general expense deductions such as interest." With this argument we are unable to agree.

Before the Tax Court petitioner contended, as he does here, that so much of the $28,000 expenditure as is allocable to the period from January 1 to December 7, 1937, could not be interest paid or accrued on indebtedness within the meaning of the statute, because it was not paid or accrued on, or in respect of any indebtedness owing by the respondent during that period. The Tax Court rejected the contention and held that the entire $28,000 constituted deductible interest. In reaching this conclusion the Tax Court relied upon Journal Co. v. Commissioner, 7 Cir., 125 F.2d 349, and Commissioner v. Columbia River, etc., 9 Cir., 126 F.2d 1009. We think, on the facts, that those cases are distinguishable.

In the Journal case, it is true the parties differed as to payment there involved, whether it was an interest payment, or a part of the purchase price. There an offer was made by trustees of an estate to sell to taxpayer, stock owned by the estate. The offer stated that the purchase price should. be paid on the delivery of the stock, but that delivery might be delayed due to the necessity of obtaining approval to the sale by the court having jurisdiction of the estate. The offer also provided that if the taxpayer accepted the offer, interest would be paid on the purchase price from the acceptance of the offer and the price per share would be reduced by the total amount of dividends per share, if any, which might be paid upon the stock. Taxpayer accepted the offer on March 2, 1936. The stock was delivered and paid for on December 28, 1936. Interest from March 2 to December 28, 1936, was paid. The court held that a binding contract arose on March 2, and that there was an obligation during the period in question on which interest was paid.

In the Columbia River case, the taxpayer, after August 1 and prior to December 31, 1937, exchanged *its own* 8% preferred stock, on which accumulated dividends were unpaid, for taxpayer's 5% bonds dated July 1, 1937, and paid interest on the bonds from date of issue. It accrued the interest on the bonds from July 1 to December 31, 1937, and claimed a deduction therefor. It will be readily observed that no new indebtedness was created on the issuance of the 5% bonds since the 5% bond issue merely refinanced a *preexisting* indebtedness of the taxpayer.

■ In our case the respondent claims a deduction for what it insists was a payment of interest for a period prior to the date on which the indebtedness came into existence and bases its claim upon the fact that the notes embodied a promise to pay interest from January 1, 1937.

But the Supreme Court, in discussing a comparable provision of the Revenue Act of 1921 in the case of Old Colony Railroad Co. v. Commissioner, 284 U.S. 552, 52 S.Ct. 211, 214, 76 L.Ed. 484, stated its belief that when Congress used the word "interest" it did not have in mind any concept other than the usual, ordinary, and everyday meaning of the term, and made it clear that "the usual import of the term [all interest on indebtedness] is the amount which one has contracted to pay for the use of bor-

rowed money." See also Deputy v. Du Pont, 308 U.S. 488, 498, 60 S.Ct. 363, 84 L. Ed. 416. The fact that the notes embodied a promise to pay interest from January 1, is not controlling, Arthur R. Jones Syndicate v. Commissioner, 7 Cir., 23 F.2d 833.

■ A taxpayer claiming a deduction has the burden of showing that the deduction claimed clearly falls within some deduction provision of the taxing statute, White v. United States, supra. The requirements of the statute here involved are that there should be an indebtedness; that there should be interest upon it; and that the interest should be paid or accrued within the taxable year.

■ It is certain that no interest can be paid for the use of money if there is no use of the money, and since no indebtedness was owing by the respondent to the preferred stockholders of Corn Belt Publishers, Inc., prior to December 7, 1937, the $28,000 could not be paid as compensation for pre-December 7 use of the $400,000 borrowed on the notes.

We conclude that respondent has not shown that its claimed deduction clearly fell within the terms of the statute.

The decision of the Tax Court is reversed, and the proceedings are remanded with instructions to compute the income taxable to the respondent in accordance with the views expressed in this opinion.