**WEBSTER v. MALONEY.**

**LUCAS v. MALONEY.**

**BROWN v. MALONEY.**

**Civ. A. Nos. 11650–11652.**

United States District Court
D. New Jersey.

Aug. 20, 1953.

Boyle, Archer & Greiner, by Walter N. Read, Camden, N. J., Stradley, Ronan, Stevens & Young, by David P. Brown, Jr., Andrew B. Young, Philadelphia, Pa., for plaintiffs.

William F. Tompkins, U. S. Atty., Newark, N. J., Walter S. Anderson, Asst. U. S. Atty., Camden, N. J., H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe and James P. Garland, Sp. Assts. to Atty. Gen., for defendant.

MADDEN, District Judge.

These are suits for the recovery of income taxes paid for the year 1944. The taxes in question were paid, timely claims for refund were filed and suits instituted within the statutory period. The parties agree and the Court finds that the Court has jurisdiction to entertain the actions. The three cases were consolidated and submitted on the pleadings and a stipulation which establishes the facts in the matter. They are as briefly as can be stated, as follows:

The plaintiffs are the children and equal beneficiaries of the Estates of Warren Webster, who died testate, a resident of the State of Florida, December 21, 1938, and his wife Fannie S. Webster, who died testate, likewise a resident of the State of Florida, January 11, 1940.

On December 27, 1939 the executors of the Warren Webster Estate filed a Florida Estate Tax Return and paid the tax of $45,016.74 shown due thereon. They filed on February 27, 1940 a Federal Estate Tax Return for the estate of that decedent and paid the tax of $236,066.04 shown due thereon.

On March 3, 1941 the executors of the Fannie S. Webster Estate filed a Florida

Estate Tax Return and paid the tax of $881.14 shown due thereon, and on March 22, 1941 filed a Federal Estate Tax Return and paid a tax of $14,470.25 shown due thereon.

Around the time of filing the estate tax returns of Warren Webster (both Federal and State) the executors made distribution of the larger part of the estate to the beneficiaries, as follows:

To Warren Webster, Jr.—$150.00, 4/4/39; $2400.00, 6/30/39; $156,848.55, 12/22/39; $73,958.14, 7/23/40
  Total $233,356.69

To Marguerite W. Lucas—$156,848.54, 12/22/39; $73,958.14, 7/23/40
  Total $230,806.68

To Pauline W. Brown—$156,848.55, 12/22/39; $73,958.14, 7/23/40
  Total $230,806.69

The executors of the Fannie S. Webster Estate made distribution to the beneficiaries, as follows:

To Warren Webster, Jr.—$1,833.33, 3/15/40; $56,757.08, 4/4/40; $585.00, 6/11/40; $1,934.57, 4/30/45
  Total $61,159.98

To Marguerite W. Lucas—$83.33, 3/15/40; $56,757.08, 4/4/40; $585.00, 6/11/40; $1,934.57, 4/30/45
  Total $59,359.98

To Pauline W. Brown—$83.34, 3/15/40; $56,757.08, 4/4/40; $585.00, 6/11/40; $1,934.57, 4/30/45
  Total $59,359.98

On September 9, 1944 a deficiency in Federal Estate Taxes upon the Warren Webster Estate was assessed in the amount of $210,414.21, together with interest of $57,641.95. This assessment was paid partly by the estate and partly by the distributee-plaintiffs, as follows:

| | |
|---|---|
| 10/19/44—U. S. Bonds (Estate) | $203,939.00 |
| 10/19/44—Estate of Warren Webster | 6,475.21 |
| | $210,414.21 (Principal) |
| 10/24/44—Marguerite W. Lucas | $ 19,213.98 |
| 10/26/44—Pauline W. Brown | 19,213.98 |
| 10/27/44—Warren Webster, Jr. | 19,213.99 |
| | $ 57,641.95 (Interest) |

About the same time the State of Florida assessed a deficiency of $26,668.34, together with interest of $7,178.23, against the Estate of Warren Webster. This assessment was again paid partly by the estate and partly by the distributees, but in this instance the main portion (both principal and all of interest) being borne by the distributees (plaintiffs here), as follows:

| | |
|---|---|
| 10/23/44—Estate of Warren Webster | $6,799.37 |
| 10/23/44—Warren Webster, Jr. | 6,622.99 |
| 10/23/44—Marguerite W. Lucas | 6,622.99 |
| 10/23/44—Pauline W. Brown | 6,622.99 |
| | $26,668.34 (Principal) |
| 10/23/44—Warren Webster, Jr. | $ 2,392.75 |
| 10/23/44—Marguerite W. Lucas | 2,392.74 |
| 10/23/44—Pauline W. Brown | 2,392.74 |
| | $ 7,178.23 (Interest) |

Upon the payment of the said amounts of $210,414.21 to the Federal authorities and $6,799.37 to the Florida authorities the assets of the Estate of Warren Webster were reduced to $960.70, which was ultimately used to pay administration expense.

On September 13, 1944 a deficiency in Federal Estate Taxes upon the Fannie S. Webster Estate was assessed in the amount of $46,572.92, together with interest of $9,787.97. This assessment was also paid partly by the estate and partly by the distributee-plaintiffs, as follows:

| | |
|---|---|
| 10/14/44—Estate of Fannie S. Webster | $ 6,197.15 |
| 10/20/44—Warren Webster, Jr. | 13,458.59 |
| 10/20/44—Marguerite W. Lucas | 13,458.59 |
| 10/20/44—Pauline W. Brown | 13,458.59 |
| | $46,572.92 (Principal) |
| 10/24/44—Marguerite W. Lucas | $ 3,262.66 |
| 10/26/44—Pauline W. Brown | 3,262.66 |
| 10/27/44—Warren Webster, Jr. | 3,262.65 |
| | $ 9,787.97 (Interest) |

And as in the case of the husband, the State of Florida made a deficiency assessment against the Estate of Fannie S. Webster in the amount of $6,669.53, together with interest in the amount of $1,369.48. This was paid in the following manner:

| | |
|---|---|
| 9/22/44—Estate of Fannie S. Webster | $6,669.53 (Principal) |
| 10/23/44—Warren Webster, Jr. | $ 456.49 |
| 10/23/44—Marguerite W. Lucas | 456.49 |
| 10/23/44—Pauline W. Brown | 456.49 |
| | $1,369.48 (Interest) |

Upon the payment of the said amount of $6,197.15 to the Federal authorities and $6,669.53 to the Florida authorities, the assets of the Fannie S. Webster Estate were reduced to $803.70, consisting solely of certain household furnishings.

It can, therefore, be seen that the balances left in each estate at the time of the deficiency assessments were insufficient to pay the full amount of both Federal and State assessments.

Interest began to run on the foregoing deficiencies, as follows:

On the Warren Webster Estate, both State and Federal—March 21, 1940; and on the Fannie S. Webster Estate, both State and Federal—April 11, 1941.

In recapitulating the interest paid by the three distributee-plaintiffs upon the deficiency assessment as transferees during 1944, we find the figures as follows:

| | | Warren Webster, Jr. | Pauline W. Brown | Marguerite W. Lucas |
|---|---|---|---|---|
| Est. Warren Webster | | | | |
| | Federal | $19,213.99 | $19,213.98 | $19,213.98 |
| | State | 2,392.75 | 2,392.74 | 2,392.74 |
| Est. Fannie S. Webster | | | | |
| | Federal | 3,262.65 | 3,262.66 | 3,262.66 |
| | State | 456.49 | 456.49 | 456.50 |
| | Total | $25,325.88 | $25,325.88 | $25,325.87 |

In computing their 1944 net income subject to tax the three plaintiff-distributees each failed to claim deduction for the amounts immediately hereinbefore set forth paid out as interest upon the deficiency assessments, but on July 2, 1946 each filed a claim for refund with the defendant-collector; and on or about December 9, 1947 each of the plaintiffs filed an amended claim for refund. Warren Webster, Jr., for $17,179.11; Marguerite W. Lucas for $15,032.30; and Pauline W. Brown for $15,677.42. The grounds set forth in the said claims were that the plaintiffs were entitled to deduction for interest paid under Section 23(b)[1] of the Internal Revenue Code for the amounts paid by them for interest upon the aforedescribed deficiency assessments both State and Federal.

With the exception of an allowance of $1,762.58 allowed to Warren Webster, Jr., on an unrelated issue, here not pertinent, the claims as amended were rejected by the Commissioner, and consequently the suits here seek redress in the form of refunds.

It is alleged by the plaintiffs that they are entitled to deduct these amounts as interest paid on their indebtedness, upon the grounds that the debt itself was imposed upon them as distributees or transferees of assets of an estate by operation of both State and Federal law.[2]

It is admitted on the part of the defendant (see page 7, lines 3 to 7 inclusive, defendant's brief) that plaintiffs were liable to the extent of their distributive shares to pay the deficiencies and interest, but it is denied that the interest paid thereon is "interest on a debt" within the provisions of Section 23(b), supra.

It seems to this Court that this question was very directly dealt with by the Court of Appeals for this Circuit in Commissioner of Internal Revenue v. Breyer, 1945, 151 F.2d 267. There Judge McAllister, dealing with this very question used language which this writer can do no better than to repeat, 151 F.2d at page 270:

"* * * it is provided by Section 311 that the liability of a transferee in respect of the tax and interest shall be assessed, collected, and paid in the same manner and subject to the same provisions as in the case of a deficiency against the taxpayer. The procedure prescribed for collection of the tax from a transferee is the same as that followed when payment is sought directly from a transferor. * * * The transferee is a taxpayer. * * * Under the statute, the transferee is liable for payment of the interest on the deficiency. That being the case, does he owe it? Is it his indebtedness?

"Certainly, the longer he delays payment of the deficiency, the longer he enjoys the use of that amount of money. When he finally pays the deficiency, he is liable for the payment of interest thereon until date of payment. It would seem that, in such a case, the transferee would be paying what he owed for the use of the money representing the deficiency—and that such a payment would be on his own indebtedness. If immediately at the time of the transfer of assets, instead of months afterward, [in the present case over three years] the deficiency be paid, it would be the transferee, rather than the transferor, who would be saved the payment of the additional interest. The reference in the above mentioned Conference Report on Section 311 (Section 280 of the Revenue Act of 1926) to the liability for the deficiency as of the time of the transfer of the assets, 'as assumed by the transferee' supports the contention that the liability of a transferee, resultant upon a transfer of assets, is an indebtedness on his part to the Government.

"Moreover, the amount of the liability for which a transferee is liable is to be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in the tax. Section 311(a), supra. A transferee who retains assets for his own use which, to the extent of a deficien-

---

1. Title 26 U.S.C.A. § 23(b).
2. 26 U.S.C.A. § 827(a); Section 827(b); Section 900(a) 1; Section 900(a) (2); Section 900(e); Estate Tax Law of Florida, Ch. 16015 Acts of 1933, Sections 12 and 32, F.S.A. §§ 198.19, 198.35.

cy, belong to the Government, is liable for the interest that would have been otherwise charged against his transferor. * * * *If interest on the deficiency is to be assessed against, and collected from, a transferee in the manner and subject to the same provisions and limitations as in the case of a deficiency in the tax, then such interest is to be collected subject to the allowance of that interest, as a deduction to the transferee, in the same manner as would be allowed to the transferor. Some cases appear to emphasize that because the liability for payment of a deficiency and interest thereon on the part of a transferor is secondary, it should not, therefore, be considered that he makes such payment on his own indebtedness. We can see no reason for uncertainty as to the right of deduction upon such ground."* (Citations omitted; parenthesis, and italics supplied.)

The foregoing case, Commissioner v. Breyer, supra, has been cited as authority by Judge Goodrich, of this Circuit, in the footnotes (Note No. 4) of Commissioner v. Philadelphia Transportation Co., 1949, 174 F.2d 255; and by Judge Kalodner, likewise of this Circuit, in Commissioner v. Switlik, 1950, 184 F.2d 299, at page 301.

This Court, naturally, would not attempt to gild a lily, but Judge Maris of this Circuit, then a District Judge, wrote what it considers an excellent opinion in the matter of Penrose v. United States, D.C.E.D. Pa.1937, 18 F.Supp. 413.

There the plaintiff was the beneficiary of a trust fund in an estate and the estate was assessed an additional Federal estate tax of $118,228.40 and interest in the amount of $23,736.42. Part of the interest, $10,263.50, was paid out of the income of the trust for the benefit of the plaintiff. The trustees filed a fiduciary return for the plaintiff and claimed a deduction from net income of the $10,263.50. Likewise, plaintiff in his individual income tax return did not charge himself with receipt of the $10,263.50. Upon audit, the Commissioner added the sum to plaintiff's return and made an additional assessment.

Judge Maris said, 18 F.Supp. at page 415: "It thus appears that the payment of $10,263.50 was a payment of interest. It is we think equally clear that it was a payment of interest on indebtedness of the estate of Charles B. Penrose. The federal estate tax is by the terms of the Revenue Act made a lien upon the decedent's entire estate and is payable out of the property of the estate even though it may have passed out of possession of the executor. The tax is, therefore, undoubtedly an obligation or debt of the estate, and while the executor is primarily liable to pay it, it is nevertheless payable by any person who has in his hands property comprising a part of the estate."

The matter was before Judge Maris upon a motion to dismiss plaintiff's complaint and Judge Maris in his ruling held that plaintiff's complaint stated a good cause of action, and upheld its legal sufficiency.

It, therefore, seems clear that under the authority of Commissioner v. Breyer, supra, and Penrose v. United States, supra, the distributee-plaintiffs are entitled to deduct from their income tax for 1944 those sums actually paid during 1944 as interest upon the deficiency assessments against their father's and mother's estates up to the amounts that had been previously distributed to them.

Although, it is not part of the record, and neither counsel has urged it in their briefs, the Court can little resist noticing the following compelling probabilities in the reasonable order of things. These plaintiffs each received by July, 1940 roughly $230,000 from their father's estate, and by June, 1940 roughly $58,000 from their mother's estate, or a total of $288,000 each. By September 9, 1944, the date of the first deficiency assessment, these funds must have become an integral part of the estates of the distributee-plaintiffs and provided a part of the income upon which they had to declare and pay a tax in 1944. This tax was considerable, ranging from $20,179.48 to $22,749.02. Surely, under the sound reasoning of the Breyer and Penrose cases, supra, if they are chargeable with the income earned from their distributive share during the taxable year then surely they are entitled to deduct interest paid upon the deficiency assessments which Congressional Enactment makes their liability.

Judgment will be entered for the plaintiffs.

Counsel have agreed in the stipulation herein, that in the event judgment is entered for plaintiffs they will compute the amount of the judgments. They are directed to do so and prepare an order.