Michiko NOGUCHI, Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent–Appellee.

Robert R. MIDKIFF and Evanita S. Midkiff, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent–Appellee.

Nos. 91–70496, 91–70497.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 1992.

Decided April 22, 1993.

George G. Grubb, Carlsmith, Ball, Wichman, Murray, Case, Mukai & Ichiki, Honolulu, HI, for petitioners-appellants.

Teresa E. McLaughlin, Asst. Atty. Gen., Tax Div., Washington, DC, for respondent-appellee.

Before: BROWNING, NORRIS, and REINHARDT, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Taxpayers in these consolidated appeals are residents of Hawaii. Their residences are situated on lots which they formerly leased. As lessees of houselots, they acquired rights under the Hawaii Land Reform Act of 1967 (HLRA) to acquire the fee interest in the lots at fair market value.[1] They exercised those rights and acquired the fee interests by paying the lessors fair market value plus "blight of summons" damages. Blight of summons damages are an additional sum owed the lessors under Hawaii eminent domain law for delay of payment. The sole question presented by these consolidated appeals is whether the blight of summons damages are deductible as "interest paid ... on indebtedness" under § 163(a) of the Internal Revenue Code.

The facts of the cases are not in dispute. They are set out fully in the opinions of the Tax Court. *Midkiff v. Commissioner*, 96 T.C. 724, 1991 WL 83269 (1991); *Noguchi v. Commissioner*, 61 T.C.M. (CCH) 2674, 1991 WL 83275 (1991). The Tax Court ruled against the taxpayers. We affirm because we agree with the Tax Court that the taxpayers never incurred an obligation to purchase the lots at any time before they paid the purchase price and acquired the fee interest.

I

To be deductible under § 163(a), the obligation on which interest is based must be an "existing, unconditional, and legally enforceable obligation for the payment of a principal sum." *Howlett v. Commissioner*, 56 T.C. 951, 960, 1971 WL 2506 (1971). A debt must be an existing and genuine obligation in order to give rise to deductible interest payments. As we explained in *Estate of Franklin v. Commissioner*, 544 F.2d 1045, 1049 (9th Cir.1976), "a mere chance that a genuine debt obligation may arise ... is not enough to justify an interest deduction. To justify the deduction the debt must exist; potential existence will not do." *See also Investors Insurance Agency, Inc. v. Commissioner*, 677 F.2d 1328, 1333 (9th Cir.1982)

("The mere possibility that a debt may arise in the future is not an indebtedness on which interest can accrue for purposes of the income tax deduction.").

The blight of summons damages paid by taxpayers do not meet this test. Under the HLRA, the Hawaii Housing Authority (HHA) may initiate a condemnation proceeding after lessees have requested designation of development tracts for acquisition. The HHA requires participating lessees to comply with certain minimal conditions such as depositing $500 in earnest money and to submit proof of financial ability to purchase his leased fee. A participating lessee is free to withdraw his residential lot from the acquisition process at any time providing he pays his pro rata share of the HHA's costs. To the extent that the $500 earnest money deposit exceeds the lessee's pro rata share of the HHA's costs, it is returned to the lessee. In sum, the lessee may back out of the deal at any time.

Based on these facts, the Tax Court concluded:

> The indebtedness upon which petitioner paid the disputed amount was not an unconditional and legally enforceable obligation as of January 23, 1981, the date that petitioners' lot was designated for acquisition. Petitioners were not unconditionally obligated to pay 'just compensation' *to the estate* until they affirmatively executed the reply to the estate's offer to sell, indicating their intent to purchase the lot, and the escrow closed on the purchase. That is, petitioners were not obligated for the payment of a principal sum until the date that escrow closed on the purchase.

*Midkiff*, 96 T.C. at 737 (emphasis in original).

We agree with the Tax Court that the taxpayers incurred no existing and unconditional debt within the meaning of § 163(a). Until a lessee finally pays for his houselot and actually acquires the fee interest, he is free under the HLRA to back out of the deal. The HLRA effectively makes the lessor an optionor who is obligated to sell for fair market value if the lessee exercises his option to buy. The HLRA gives the lessee an

---

1. This history and purpose of the HLRA are set forth in the Supreme Court decision upholding the constitutionality of the Act. *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 232, 104 S.Ct. 2321, 2324, 81 L.Ed.2d 186 (1984).

option to purchase. He may elect not to exercise this option at any time until he pays the purchase price and the deal closes. Indeed, the ability of the lessee to decline to exercise the option and purchase the land is evidenced by the fact that many lessees who joined the Midkiffs and Noguchi in requesting that their land be designated for acquisition eventually withdrew from the process and never purchased.

## II

Courts have carved out limited exceptions to the rule that obligations under § 163(a) must be existing and unconditional. Taxpayers' second argument is that this case falls within one of those exceptions. We disagree.

The principal exception to the unconditional debt requirement is carved out in the "pre-issue" interest line of cases. *See Monon R.R. v. Commissioner,* 55 T.C. 345, 1970 WL 2339 (1970); *Commissioner v. Philadelphia Transp. Co.,* 338 U.S. 883, 70 S.Ct. 186, 94 L.Ed. 542, *aff'g per curiam* 174 F.2d 255 (3d Cir.1949), *aff'g* 9 T.C. 1018 (1947); *Commissioner v. Columbia River Paper Mills,* 126 F.2d 1009 (9th Cir.1942). In these cases, the taxpayers deducted interest which accrued on bonds prior to the actual issuance of the bonds. In *Columbia River* for example, the taxpayer was allowed to deduct interest which accrued from July 1 of the taxable year, even though the bonds were not actually issued until later in the year. The rationale behind this exception to the unconditional obligation requirement is that the parties could have accomplished the same result by providing a higher rate of interest on the particular debt instruments in the year issued. The fact that the interest was calculated based upon a period prior to issuance is not significant when the parties could simply have struck a different bargain and provided a higher rate of interest for the period *after* the bonds were issued.

This is not a pre-issue interest case, nor does the rationale of those cases apply. As the Tax Court reasoned,

In the instant case, the asserted purpose of the disputed 'interest' amount was to compensate the estate for delay in payment from the date of designation to the date of closing; that 'interest' related solely to the period prior to the date of closing. Thus, the situation is not one where petitioners could have provided for a higher rate of interest for the period after the obligation rose to the level of an indebtedness within the meaning of § 163(a); on that date, they simultaneously extinguished the entire indebtedness.

*Midkiff,* 96 T.C. at 742–43.

The other exception to the unconditional debt requirement was recognized in *Dunlap v. Commissioner,* 74 T.C. 1377, 1980 WL 4489 (1980), *rev'd on other grounds,* 670 F.2d 785 (8th Cir.1982). In *Dunlap* the debt, while conditional, was conditioned upon the approval of a third party—the Federal Reserve. Once the taxpayer had agreed to accept the debt, he had no power to escape the obligation. According to the court, these facts made the debt more like an unconditional obligation. *Dunlap's* reasoning has no application to the case at hand, for here the obligation was not conditioned upon the approval of a third party, but was fully within the control of the petitioners.

The blight of summons damages claimed as interest by petitioners were not incurred pursuant to an unconditional or existing obligation. Nor do the damages meet either of the two recognized exceptions to § 163(a)'s unconditional indebtedness requirement. Accordingly, we agree with the Tax Court. Petitioners were not indebted for the purposes of § 163(a).[2]

AFFIRMED.

---

**2.** Because we so hold, we need not and do not address the question whether the blight of summons payments constitutes interest. In addition, we do not reach the question whether the amount paid by taxpayer Noguchi is nondeductible personal interest within the meaning of § 163(h).