**AUTENREITH v. COMMISSIONER OF IN-TERNAL REVENUE (three cases).**

**Nos. 7458–7460.**

Circuit Court of Appeals, Third Circuit.

Nov. 26, 1940.

John A. McCann, of Pittsburgh, Pa., for petitioners.

Samuel O. Clark, Asst. Atty. Gen., and Helen R. Carloss, Sewall Key, and S. Dee Hanson, Sp. Assts. to Atty. Gen., for respondent.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

These are three petitions, heard together, to review decisions of the Board of Tax Appeals. The petitioners are brothers. Prior to March 16, 1931 they and their father, J. L. Autenreith, who died on that date, conducted a partnership business, consisting of the operation of a chain of retail stores under a partnership agreement entered into on January 10, 1929. The father had a 36 per cent interest; Paul and J. Harold each had a 28 per cent interest and F. Julian had an 8 per cent interest in the partnership. The partnership agreement provided among other things that the interest of each partner in the partnership assets was to determine his interest in its profits and his liability thereto, but was not to affect the amount of his salary for services rendered. The partnership was to be terminated only by agreement and not by the death or disability of any of the partners.

The partnership agreement further provided that "In the event of the death of J. L. Autenreith, his interest in the partnership is to go to and be assumed by Paul Autenreith, J. Harold Autenreith, and Frank Julian Autenreith, or the survivor of them, share and share alike. Should the said J. L. Autenreith be survived by his wife, Flora Jeannette Autenreith, then before the interest of J. L. Autenreith go to and be assumed by the surviving partners, said surviving partners shall execute and deliver to the said Flora Jeannette Autenreith notes for the value of said J. L. Autenreith's interest in the partnership. Said notes are to bear interest at 6 per cent, and shall not be payable during the life of said Flora Jeannette Autenreith, except for nonpayment of interest. At the death of Flora Jeannette Autenreith, the notes are to become null and void."

The father, J. L. Autenreith, died March 16, 1931, survived by his wife, Flora Jeannette Autenreith, and the three sons named above. He left a will executed January 10, 1929, which contained provisions with regard to the transfer of his partnership interest to his sons substantially similar to the provisions of the partnership agreement which we have quoted. After his death the value of his interest in the partnership was fixed at $90,000 and on April 18, 1931 each of the petitioners signed and delivered to their mother, the decedent's widow, a judgment note in the principal amount of $30,000. At the same time each of them entered into an agreement with their mother that she would "at no time demand payment of the principal of said judgment note as long as the interest thereon is paid at interest paying periods."

During each of the years 1933, 1934 and 1935, the petitioners' mother was paid $5,400 by checks drawn by the partnership on

the partnership bank account and each of the petitioners was charged with his proportionate part thereof in his partnership drawing account. The net income of the partnership in each of these years was in excess of $5,400 and the distributive share of such income allocated to each of the petitioners was in excess of $1,800. In their income tax returns for 1933, 1934 and 1935 each of the petitioners claimed the deduction of the yearly payment of $1,800 to his mother as interest paid on an indebtedness. The deductions thus claimed were disallowed by the Commissioner in his deficiency notices and he further ruled that the amounts paid to the mother could not be excluded from the petitioners' respective shares of distributable partnership income. Upon appeal the Board of Tax Appeals held that the petitioners were taxable on the entire amount of the income received from the partnership without either deduction for the amounts paid to their mother as interest on indebtedness or exclusion of such amounts from their distributable shares of the partnership income.

The decisions of the Board of Tax Appeals must be affirmed. The payments sought to be deducted were not interest paid on indebtedness within the meaning of Sec. 23(b) of the Revenue Acts of 1934 and 1936, 26 U.S.C.A. Int. Rev.Code, § 23(b). Interest has been defined to be compensation for the use of borrowed money or for the forbearance of money legally due. Deputy v. Du Pont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416; Commissioner v. Park, 3 Cir., 113 F.2d 352. In order to be deductible it must be paid on indebtedness, which, under the Revenue Acts, means on an unconditional and legally enforceable obligation for the payment of money. Commissioner v. Park, supra. In the cases before us the petitioners are not under any obligation to pay their mother the principal amounts of the notes which they have given her. On the contrary it is quite clear from the agreements that these notes were given solely to secure the annual payments which the petitioners are required to make to their mother under the terms of the partnership agreement. The fact that these payments are described by the parties as interest and are fixed at 6 per cent per annum of the value of the decedent's share in the partnership cannot render them deductible for income tax purposes when it is clear they have not been paid on indebtedness within the meaning of the Revenue Acts.

The payments here in question were stipulated by the decedent in the partnership agreement to be paid to his widow as consideration for the transfer of his share in the partnership to his sons at his death. Such an agreement for the benefit of a third party, the widow and mother, is valid and enforceable in Pennsylvania (McBride v. Western Pennsylvania Paper Co., 263 Pa. 345, 106 A. 720; Restatement, Contracts § 75), and is to be treated as contractual and not testamentary in nature even though not effective until death. In re Eisenlohr's Estate, 258 Pa. 438, 102 A. 117. Nor is it rendered testamentary in character by reason of the fact that the decedent incorporated in his will provisions designed to carry out his inter vivos agreement with his sons. The payments accordingly were in legal effect capital expenditures representing the cost of the interest in the partnership acquired by the petitioners from their father at his death. Edwards v. Commissioner, 10 Cir., 102 F.2d 757; Scott v. Commissioner, 7 Cir., 29 F.2d 472. The petitioners were individually obligated by the terms of the partnership agreement and their notes to make the payments to their mother irrespective of the existence of partnership profits. The payments were not charged upon the partnership income or made an obligation of the partnership as such. It necessarily follows that the Commissioner rightly refused to permit these payments to be deducted from the shares of partnership income taxable to the petitioners. Commissioner v. Smiley, 2 Cir., 86 F.2d 658.

The decisions of the Board of Tax Appeals are affirmed.