ESTATE of William P. COOPER, Deceased, Daisy H. Cooper, Executrix, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

PERPETUAL BUILDING AND LOAN ASSOCIATION OF COLUMBIA, Petitioner and Cross-Respondent,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent and Cross-Petitioner.

COOPER AGENCY, Petitioner and Cross-Respondent,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent and Cross-Petitioner.

Nos. 8295, 8327, 8328.

United States Court of Appeals
Fourth Circuit.

Argued June 13, 1961.

Decided June 19, 1961.

E. W. Mullins and Charles F. Cooper, Columbia, S. C. (Nelson, Mullins,

Grier & Scarborough, Columbia, S. C., on the brief), for petitioner and petitioner and cross-respondent.

Karl Schmeidler, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Meyer Rothwacks, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent and respondent and cross-petitioner.

Before SOPER, HAYNSWORTH and BOREMAN, Circuit Judges.

PER CURIAM.

These cases relate to the income tax liability of certain corporations controlled by three brothers—Frank B. Cooper, Charles F. Cooper, and James D. Cooper—whose tax liabilities from activities in the development of real estate and in other fields were considered by us in Biltmore Homes, Inc. et al. v. Commissioner, 4 Cir., 1961, 288 F.2d 336. In that case we affirmed the decision of the Tax Court, which held that profits earned in 1947 and 1948 in the development of a tract of land by Biltmore Homes, Inc., a corporation owned by the three brothers, were not chargeable to the Perpetual Building and Loan Association of Columbia or to the Mutual Savings and Loan Company, which had been certified as exempt from Federal income taxes, but were in fact chargeable to the three brothers.

In case No. 8295 the Tax Court held the estate of William P. Cooper, deceased, liable for income taxes on dividends declared by Perpetual in his lifetime on certain prepaid instalment share accounts held by him but not payable or paid until after his death.

■■ In case No. 8327 now before us on this appeal the Tax Court held that the retroactive withdrawal of the exemption of Perpetual from Federal income taxation by the Commissioner was a valid exercise of its power under the taxing statute, since the corporation lacked the essential characteristics of a legitimate building and loan association and since it had been used by the three brothers as a means of avoiding taxation on profits derived from real estate transactions carried on through Perpetual for their benefit. In this case the Tax Court also held that the assessment and the collection of taxes due were not barred by limitations, since proper income tax returns had not been filed by Perpetual.

■ In case No. 8328 the Tax Court disallowed a deduction of interest at 7 per cent on a total sum of $600,000 claimed by the Cooper Agency, a corporation owned and controlled by members of the Cooper family, to have been borrowed from Perpetual, since the court found that the transaction lacked economic reality and a much smaller sum was actually borrowed and used on which an interest deduction was allowed.

Exhaustive statements of the facts in these cases, which are conceded to be correct, are set forth and the issues of law involved are carefully and correctly discussed in the opinions of Judge Fisher speaking for the Tax Court. See Perpetual Building and Loan Association of Columbia v. Commissioner, 34 T.C. 694; Cooper Agency v. Commissioner, 33 T.C. 709; Estate of Cooper v. Commissioner, T.C.Memo 1960–98.

In our judgment the conclusions reached in these opinions are completely justified and, accordingly, the decisions are affirmed for the reasons that are therein set forth.

Affirmed.