James C. McNEES and Shelia McNees, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 4138.

United States District Court
S. D. Mississippi,
Jackson Division.

Oct. 25, 1967.

Robert C. Travis, Lauch M. Magruder, Jr., Dossett, Magruder & Montgomery, Jackson, Miss., for plaintiffs.

H. S. Little, Jr., Dept. of Justice, Tax Division, Washington, D. C., for defendant.

WILLIAM HAROLD COX, Chief Judge.

McNees and his mother inherited a piece of commercial property in McComb. The mother was devised a life estate in the property and the son acquired by said will the remainder estate therein. The parties sold the property for fifty-nine thousand dollars which was paid jointly to the sellers. The son induced

his mother to let him have this money for use in his business in exchange for his agreement to pay her only $300.00 per month during her life. The mother had previously received a net income from the property in the amount of three hundred dollars per month. The mother and son signed a written agreement about the matter which was designed to take care of any contingency about such payment in the event of the son's prior death. Nothing was said at any time about any unconditional obligation of the son to repay his mother the principal sum of fifty-nine thousand dollars at any time during her life under any circumstances. This money would belong to the son only in the event of his mother's death, but it (and the income from it) belonged to her during her lifetime in the place of the building. It was estimated that this payment of three hundred dollars was about the equivalent of 6% interest. There was nothing in writing about the ownership of this fifty-nine thousand dollars held by the son during the lifetime of the mother.[1]

This was a typical and very natural mother and son deal where tax consequences were not consulted or considered. The son simply needed the money in his business. The mother wanted to accommodate him and did not need the principal, but wanted the three hundred dollar income from the money in lieu of the property each month as she had enjoyed it in the past.

■ In a restricted sense, this transaction could be viewed as a loan of the use of this money, and this three hundred dollars per month as the consideration which flowed to the mother for such use thereof, but there was no obligation on the part of the son ever to repay the mother the fifty-nine thousand dollars at any time during her lifetime. In that sense it was not a loan and the three hundred dollars per month was not interest within the purview of the statute. It was neither a conventional loan, nor a loan which obligated the alleged borrower to repay the principal.[2] This suit effectually contends that the three hundred dollars a month was interest on a debt or loan and that it was exempt from income taxes and deductible.[3] That view is not tenable on this record. Exemptions must be strictly construed and are never liberally allowed. Neither the mother nor the son testified to anything on a hearing of this case which would justify the Court in treating that money paid the mother as interest under the principle stated.

The complaint is without merit and will be dismissed at plaintiffs' cost. An order accordingly may be presented.

1. § 266 Mississippi Code 1942. And in like manner, where any loan of goods and chattels shall be pretended to have been made to any person with whom, or those claiming under him, possession shall have remained for the space of three years without demand made and pursued by due course of law on the part of the pretended lender, or where any reservation or limitation shall be pretended to have been made of a use of property by way of condition, reversion, remainder, or otherwise in goods or chattels, the possession whereof shall have so remained in another for said time, the same shall be taken, as to the creditors and purchasers of the persons so remaining in possession, to be fraudulent within this statute, and that the absolute property is with the possession; unless such loan, reservation, or limitation of use or property were declared by will or by writing, proved or acknowledged, and filed for record.

2. Where no unconditional obligation exists to repay principal at a given time, there is no loan; or such a transaction as that it can be said that any interest can accrue thereon. Johnson v. Commissioner of Internal Revenue, (8 Cir.) 108 F. 2d 104; Autenreith v. Commissioner of Internal Revenue, (3 Cir.) 115 F.2d 856.

3. Interest is deductible within taxable year. 26 U.S.C., 1964 ed., § 163.