ARLINE BOVEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bovee v. Commissioner
Docket No. 10395-80
United States Tax Court
T.C. Memo 1981-537; 1981 Tax Ct. Memo LEXIS 198; 42 T.C.M. (CCH) 1171; T.C.M. (RIA) 81537; September 24, 1981. Jean S. Schanen, for the petitioner. Kenneth W. McWade, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $ 1,207 deficiency in petitioner's 1977 income tax. The sole issue remaining for decision is whether petitioner may deduct as interest certain amounts paid to the retirement fund of the Alaska Teachers' Retirement System. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Arline Bovee resided in Kodiak, Alaska, when she filed her petition. Petitioner taught school in the State of Alaska for three years prior to moving to the State of Washington in 1968. As a teacher, petitioner was required to contribute a statutorily prescribed *199 percentage of her salary to the retirement fund of the Alaska Teachers' Retirement System ("ATRS"). Alaska Stat.§ 14.25.050 (1966). When petitioner moved to Washington in 1968 she withdrew from the retirement fund the money which had been credited to her individual contribution account. [1] In 1972 petitioner returned to Alaska and re-entered the teaching profession there. Upon her re-employment, petitioner again became a member of ATRS and, pursuant to Alaska State law, became indebted to the retirement fund in the amount of the refund she received in 1968, including the interest paid to her, plus the amount, if any, deducted for administrative expenses. Alaska Stat. § 14.25.150(3) (1971). 1a Petitioner's indebtedness to the retirement fund bore compound interest at the rate of seven percent per annum beginning on July 1 following the date *200 of her re-employment, and cotinuing to the date of repayment or the date of her retirement, whichever occurs first. Id. If, when petitioner becomes eligible for retirement, she still has an outstanding indebtedness to the retirement fund, the may choose either: (1) to have her retirement benefits withheld until the total amount withheld is equal to the outstanding indebtedness; or (2) to cancel the outstanding indebtedness by accepting an actuarially reduced annuity for life. Alaska Stat. § 14.25.063(b) (1980 Supp.). [2]
*201 In 1977 petitioner paid the retirement fund $ 2,098.63 which it applied to the interest portion of her outstanding indebtedness. Petitioner deducted this amount as interest on her 1977 income tax return. In his notice of deficiency, respondent disallowed the deduction on the basis that the expense did not arise from a true debtor-creditor relationship. OPINION Petitioner contends that she had a bona fide indebtedness to the retirement fund of the Alaska Teachers' Retirement System ("ATRS"), and that she is therefore entitled to deduct as interest the amounts paid to the retirement fund and designated as such. Respondent, on the other hand, maintains that petitioner did not have a bona fide indebtedness to the retirement fund, and any payment thereto cannot be deducted as interest regardless of its characterization by Alaska State law. We agree with respondent. Section 163(a) [3] allows "as a deduction all interest paid or accrued within the taxable year on indebtedness." Interest is that which one contracts to pay for the use of borrowed money, or compensation for the use or forebearance of money. Deputy v. du Pont, 308 U.S. 488, 498 (1940); Old Colony R. Co. v. Commissioner, 284 U.S. 552, 560 (1932). *202 Moreover, the "indebtedness" upon which such a payment is made must be an unconditional and legally enforceable obligation for the payment of money. Autenreith v. Commissioner, 115 F. 2d 856, 858 (3d Cir. 1940), affg. 41 B.T.A. 319 (1940); Williams v. Commissioner, 47 T.C. 689, 692 (1967), affd. 409 F. 2d 1361 (6th Cir. 1968). Finally, in determining whether a payment actually constituted interest on an indebtedness, economic realities govern over the form in which the transaction is cast or the label attached to the payment by the parties. Knetsch v. United States, 364 U.S. 361 (1960); Autenreith v. Commissioner, supra; LaCroix v. Commissioner, 61 T.C. 471, 480 (1974); Titcher v, Commissioner, 57 T.C. 315, 322 (1971); L-R Heat Treating Co. v. Commissioner, 28 T.C. 894, 897 (1957). The fact that a state is one of the parties to the transaction or that a state statute attaches the "interest" label to the payment does not subvert the doctrine that the economic realities determine whether a payment is interest for tax purposes. *203 In Williams v. Commissioner, supra, we were presented with a situation analogous to petitioner's. There we held that a taxpayer who, on reinstating his Veterans' Administration life insurance, had to pay an amount denominated "interest" on unpaid premiums and a policy loan could not deduct such payments. We held that the amounts in question were simply the cost of reinstating the policy and that there was no "indebtedness" on which interest could be paid. Petitioner's case is not significantly different. [4] Petitioner has a choice of obtaining full retirement benefits by immediately repaying her contributions upon rejoining ATRS, paying them at a later time, or having them withheld from her benefits upon retirement. Petitioner also has the option of never making the payments and accepting reduced retirement benefits reflecting her actual contributions. These options do not create a legal obligation on petitioner to make these payments. Rather, these options merely allow petitioner, if she so choose, to purchase incremental retirement benefits [5] at various times and at various prices. The price of these incremental benefits increases because the actuarial *204 cost of providing petitioner with these incremental benefits increases. Petitioner's "interest" payments are merely part of the price of the incremental benefits, and are therefore not deductible. [6]
*205 Decision will be entered for the respondent. Footnotes
1. Petitioner was entitled to withdraw her accumulated contributions plus interest credited to her individual contributions account less any amounts she owed to the retirement fund because of previous withdrawals. Alaska Stat. § 14.25.150↩ (1971).
1a. Despite inferences to the contrary in her memorandum brief, there is no evidence in the record indicating that petitioner had any credible service, other than her previous teaching experience in Alaska, at the time she rejoined ATRS. See Alaska Stat. §§ 14.25.060(c)(2) and 14.25.220(3) and (8)↩ (1971). Any additional creditable service would not affect the result in this case.
2. Alaska Stat. § 14.25.063(b) (1980 Supp.) became effective on July 1, 1980. Prior to that time, Alaska Stat. § 14.25.120(c)(2)↩ (1975) provided a similar option except that instead of the actuarially reduced annuity in option (2), it statutorily defined the reduced annuity to be equal to the annual retirement salary that would be due and owing if there were no indebtedness less an amount equal to ten percent of the outstanding indebtedness.
3. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
4. Petitioner's case is also not significantly different from the situation in Rev. Rul. 70-314, 1970-1 C.B. 20↩, where the Internal Revenue Service held that similar payments made by a federal employee to the Civil Service Retirement and Disability Fund upon returning to government service were not deductible interest payments. 5. This increment is the difference between full retirement benefits and the actuarially or statutorily reduced retirement benefits. ↩
6. We are not unmindful that had petitioner borrowed the money from a bank and paid her indebtedness to the retirement fund she would be entitled to deduct interest paid to the bank. Petitioner's obligation in this hypothetical circumstance, however, would be a legally enforceable obligation to the bank. She would not have an option to forego the payments. Moreover, in certain situations, a taxpayer may be able to borrow money from her employee annuity contract and deduct interest paid thereon. Minnis v. Commissioner, 71 T.C. 1049 (1979). Contra, Rev. Rul. 81-126, 1981-17 I.R.B. 6↩.