JOSEPH T. SCHIFFGENS and MARIA SCHIFFGENS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schiffgens v. Commissioner
Docket No. 3948-82.
United States Tax Court
T.C. Memo 1984-137; 1984 Tax Ct. Memo LEXIS 536; 47 T.C.M. (CCH) 1325; T.C.M. (RIA) 84137; March 20, 1984. Joseph T. Schiffgens, pro se. Gregg M. Weiss, for the respondent. PETERSON
MEMORANDUM FINDINGS OF FACT AND OPINION PETERSON, Special Trial Judge: This case was assigned to and heard by Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7456(c) and (d), [1] and General Order No. 8 (81 T.C. V) (July 1983). Respondent determined a deficiency in petitioners' 1978 Federal income tax in the amount of $456. The sole issue for decision is whether petitioners are entitled to an interest expense deduction *537 for amounts allegedly paid to Joseph Schiffgen's mother. Joseph Schiffgens (petitioner) contends that he paid interest to his mother during the year for money she had loaned to him at different times commencing in 1968 and ending in 1978. Petitioner claims he received $27,000 over a period of time for personal needs and to repay his home mortgage. In addition, he received $6,000 to purchase an auto. Petitioner testified that the loans were due on demand and that he agreed to pay interest based on the prevailing rate of interest determined each year when the interest payment was made. Petitioner did not maintain any written record of the loan transactions with his mother. For 1978, petitioner testified that he paid his mother $2,750 of interest based on using a rate of 8.5 percent for the $27,000, and a rate of 7.6 percent for the $6,000 loan. Petitioner testified that he paid the interest in cash and had no record or receipt showing the amount paid. Petitioner testified that he paid the interest in cash when he visited his mother who lived in a small town in West Germany. Section 163 allows a deduction for "interest paid or accrued within the taxable year on indebtedness. *538 " Interest is defined as compensation for the use of money. Deputy v. du Pont,308 U.S. 488, 498 (1940). Indebtedness is an unconditional and legally enforceable obligation to pay money. See Autenreith v. Commissioner,115 F.2d 856, 858 (3d Cir. 1940). Where the transactions giving rise to the claimed interest deduction occurs between family members, the evidence must be closely examined to determine whether there was in fact a loan and whether the amounts paid were in fact for the use of money. Cooper Agency v. Commissioner,33 T.C. 709, 717 (1960), affd. per curiam sub nom. Estate of Cooper v. Commissioner,291 F.2d 831 (4th Cir. 1961). See also Wales v. Commissioner,T.C. Memo. 1978-125, affd. unpublished order (9th Cir. July 9, 1980). Among the factors to be considered in determining whether a purported loan between family members constitutes a bona fide debt are (1) whether a specific rate of interest is charged to the taxpayer for the use of the money; (2) whether there is a specific date for retirement; (3) whether there is a written instrument evidencing the debt; (4) whether there is *539 a legitimate purpose for obtaining the loan; (5) whether the taxpayer intended to repay the debt; (6) whether the relative receiving the payments on the loan was impecunious; and (7) whether the loan has economic substance. Zohoury v. Commissioner,T.C. Memo. 1983-597. Petitioner admits that no specific interest rate was to be charged nor was interest payable at regular intervals. Petitioner contends he determined the current going rate of interest each time he visited his mother and paid her at that rate for the year. Although petitioner argues the loan was payable on demand, there is no evidence that his mother called for payment on the loans or that he ever made a principal payment on the loans even though some of the loans date back to 1968. Although petitioner claims that his mother possesses executed notes for the amounts borrowed, petitioner could not produce them at trial. [2] Nor did he produce cancelled checks, receipts or a ledger book which would support his allegations that he received money from his mother, that the money was intended as a loan or that he made interest payments thereon. Such records are normally and easily maintained to document *540 financial transactions. Petitioner claims that the payments to his mother were made in cash for ease of conversion to German currency and to save additional bank charges. However, petitioner die not support his claim with documents showing the amounts converted and the date of conversion. Even though the loan purposes to which petitioner testified could be valid, and nothing in the record suggests that petitioner's mother was impecunious, such evidence is insufficient to outweigh the overwhelming lack of documentation which ordinarily accompanies a bona fide loan. Petitioner has not presented any evidence to support his own testimony that his mother made loans to him or that he made any interest payments to her. The burden is upon petitioner to show that he is entitled to the interest expense deduction. Rule 142(a), Tax Court Rules of Practice and Procedure. Since petitioner *541 has failed in his burden of proof, respondent's determination is sustained. Decision will be entered for the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Petitioner did offer into evidence an alleged written statement from his mother confirming the alleged loans. The documents were not admitted into evidence on the ground that the statements were hearsay. Fed. R. Evid. 801(c), 802↩.