WILFRIC J. AND ALFREDA C. KARLIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Karlin v. Commissioner
Docket No. 27895-85.
United States Tax Court
T.C. Memo 1987-621; 1987 Tax Ct. Memo LEXIS 666; 54 T.C.M. (CCH) 1381; T.C.M. (RIA) 87621; December 29, 1987. *666 In the taxable years 1981 and 1982, Ps deducted interest payments in connection with notes payable to a custodian on behalf of their children. Held, Ps did not prove the existence of a bona fide debt. Held further, Ps are not entitled to deduct the interest payments under section 163, I.R.C.Held further, Ps are liable for the additions to tax under sections 6653(a)(1), 6653(a)(2) and 6661. Wilfric J. and Alfreda C. Karlin, pro se. James B. Martin, Jr., for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined deficiencies in petitioners' Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
[1] Section 6653(a)(1) Section 6661
1981
$ 588,284.92
$ 29,414.00
$ -     1982
256,317.00
12,816.00  25,632
After concessions by the parties, the issues to be resolved by this Court are (1) whether petitioners *667 are entitled to deduct interest payments with respect to notes payable on behalf of their children; (2) whether petitioner are liable for the additions to tax under sections 6653(a)(1) and 6653(a)(2) for the taxable years 1981 and 1982; and (3) whether petitioners are liable for the addition to tax under section 6661 for the taxable year 1982. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by reference. Petitioners Wilfric J. and Alfreda C. Karlin resided in Kansas at the time the petition in this case was filed. Petitioners filed joint Federal income tax returns for the 1981 and 1982 taxable years. [2]
Petitioner is the father of two children, John and Ruth. At the time of trial in January, 1987, John was 23 years old and Ruth was 20 or 21 years old. [3] John and Ruth worked for petitioner in his cattle business. Petitioner issued two $ 2,000 checks dated December 30, 1981, payable *668 by petitioner to John and Ruth, respectively. Each check includes the statement for "services rendered." On a copy of completed Federal gift tax return (Form 709) for the quarter ending December, 1975, there was listed as a gift from petitioner the purchase of municipal bonds in the name of Alfreda C. Karlin as trustee for John and Ruth. Each child given municipal bonds valued at $ 15,000. On a copy of a completed gift tax return for the quarter ending December, 1976, there were listed as gifts from petitioner two $ 15,000 notes transferred under the Uniform Gifts to Minors Act. The return lists John as the donee of one of the $ 15,000 notes; *669 however, the return does not list the donee of the other $ 15,000 note. Petitioners executed two $ 30,000 notes, each dated December 30, 1980. One note is payable to Father Paulinus Karlin as custodian for John; the other note is payable to the same individual as custodian for Ruth. Each note indicates that it is payable "on demand and secured by my Estate." Each note states that the interest rate is 7 percent per annum. Each note bears the notations "renewed" and "int. paid 12-30-81." Petitioner introduced two $ 1,050 checks, dated December 30, 1981, and signed by petitioner. One check is payable to John, and the other check is payable to Ruth. Each check bears the notation "int on note." [4] The principal of the notes has not been paid. Petitioner also executed two $ 30,000 notes, each dated December 30, 1981. [5] The terms of the 1981 notes are similar to those of the 1980 notes. However, the 1981 notes provide an annual interest rate of seven and one-half percent. The 1981 notes bear the *670 notations "renewed" and "int paid 12-30-82." Petitioner issued two $ 2,150 checks, each dated December 30, 1982, and signed by petitioner. One check is payable to John, and the other check is payable to Ruth. Each check bears the notations "int on note" and "30,000 X 7.5% less $ 100.00." The principal of the note has not been paid. Petitioner deducted $ 1,500 as interest expense on Schedule F (Farm Income and Expenses) of his 1981 Federal income tax return. Petitioner did not deduct interest expense on Schedule A (Itemized Deductions) of his 1981 return. Petitioner deducted $ 4,350 as interest expense on Schedule A (Itemized Deductions) of his 1982 return. [6] Respondent *671 disallowed the interest expense deductions of $ 1,500 and $ 4,350 in the taxable years 1981 and 1982, respectively. OPINION Section 163(a) allows a deduction for "all interest paid or accrued within the taxable year on indebtedness." Interest on indebtedness is defined as compensation for the use or forbearance of money. Deputy v. duPont,308 U.S. 488, 498 (1940); Golsen v. Commissioner,54 T.C. 742, 753 (1970), affd. 445 F.2d 985 (10th Cir. 1971). Indebtedness means an unconditional and legally enforceable obligation for the payment of money. Autenreith v. Commissioner,115 F.2d 856, 858 (3d Cir. 1940), affg. 41 B.T.A. 319 (1940); Linder v. Commissioner,68 T.C. 792, 796 (1977). If the transactions giving rise to the claimed interest deductions are between family members, then the evidence must be closely scrutinized to determine whether there was in fact a loan and whether the amounts were paid in fact for the use of money. See Schiffgens v. Commissioner,T.C. Memo. 1984-137; Zohoury v. Commissioner,T.C. Memo. 1983-597; Zohoury v. Commissioner,T.C. Memo. 1981-297; Wales v. Commissioner,T.C. Memo. 1978-125, affd. without published opinion 624 F.2d 195 (9th Cir. 1980). Petitioner *672 argues that he gave municipal bonds, which were valued at $ 30,000, and promissory notes, which were valued at $ 30,000, to his children in the taxable years 1975 and 1976, respectively, under the Uniform Gifts to Minors Act. [7] Petitioner also argues that the 1975 and 1976 gifts were the source of funds that were borrowed by him from his children in 1980 and 1981. [8] *673 Petitioner argues that the gifts in 1975 and 1976 and loans in 1980 and 1981 are bona fide transactions. Petitioner, therefore, argues that he is entitled to deduct interest payments in the taxable years 1981 [9] and 1982 with respect to notes that are payable to a custodian on behalf of petitioner's children, John and Ruth. [10] *674 We disagree with petitioner's argument. First, petitioner did not present evidence sufficient to establish that the alleged transfers of bonds and notes from petitioner to his children actually occurred in 1975 and 1976 and, if so, that they constituted valid gifts. [11] *675 Petitioner also presented no evidence establishing that the children or trustee received interest and principal payments on the bonds and notes. Second, regardless of whether petitioner gave bonds and notes to his children in 1975 and 1976 and regardless of whether they received interest and principal payments, the evidence does not establish that the bonds and notes were the source of funds allegedly borrowed by petitioner from his children in 1980 and 1981. In fact, petitioner testified that he did not receive $ 60,000 or any cash in exchange for the two $ 30,000 notes, both dated December 30, 1980, which by their terms are payable to a custodian on behalf of petitioner's children. Petitioner testified that his children worked in the family cattle business and earned an interest in the cattle, and that the notes represented the amount that he owed his children for their interest in the cattle. *676 Petitioner, however, failed to present evidence substantiating his self-serving testimony that he was indebted to his children for the amount of the notes in connection with their work in the family cattle business. Therefore, petitioner has not proven that he received any consideration for the execution of the notes payable to a custodian on behalf of petitioner's children. Furthermore, petitioner did not pay the full amount of the specified interest in 1981, and he had not paid the principal amount as of January, 1987. Accordingly, petitioner has not met his burden of proving the existence of a bona fide debt between himself and his children. Rule 142(a). Petitioner argues that the 1980 and 1981 notes are enforceable obligations. The issue of whether an obligation is legally enforceable requires an analysis of the law of the state in which the transaction occurred. Commissioner v. Estate of Bosch,387 U.S. 456, 465 (1967); Linder v. Commissioner,68 T.C. at 796; see Wilken v. Commissioner,T.C. Memo. 1987-272. The transactions in the instant case occurred in Kansas. Under Kansas law, as under common law generally, a promissory note executed without consideration and intended *677 merely as a gift is not enforceable by the donee against the donor. Anderson v. Ericson,149 Kan. 270, 87 P.2d 540, 543 (1939). In the instant case, petitioner executed notes that are without consideration and that are merely promises to make gifts in the future. Thus, petitioner's notes are not legally enforceable in Kansas. Accordingly, the interest payments on the notes are not deductible under section 163(a). Respondent determined that petitioner is liable for the additions to tax under section 6653(a)(1) and section 6653(a)(2). Petitioner has the burden of proof on this issue. Rule 142(a). Section 6653(a)(1), as in effect for the years in issue, provides an addition to tax equal to five percent of the underpayment if any part of any underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2), as in effect for the years in issue, imposes an addition to tax equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment caused by negligence or intentional disregard of the rules and regulations. Petitioner stipulated that he is liable for the additions to tax under sections 6653(a)(1) *678 and 6653(a)(2) for the taxable year 1981. Petitioner presented no evidence with respect to the issue of whether his underpayment in the taxable year 1982 is due to negligence or intentional disregard of rules and regulations. Petitioner, therefore, did not meet his burden of proving that he is not liable for the additions to tax imposed by section 6653(a)(1) and section 6653(a)(2) for the taxable year 1982. Rule 142(a). Accordingly, petitioner is liable for the additions to tax under sections 6653(a)(1) and 6653(a)(2) for the taxable years 1981 and 1982. Respondent also determined that petitioner is liable for the addition to tax under section 6661 for substantial understatement of liability in the taxable year 1982. [12] *680 Petitioner also has the burden of proof on this issue. Rule 142(a). Petitioner is liable for the addition to tax under section 6661 for the year 1982, assuming a substantial underpayment exists within the meaning of section 6661(b) [13] *681 following the computation of petitioner's tax liability under Rule 155. In this connection we note that petitioner does not rely upon section 6661(b)(2)(B) relating to Reduction for Understatement Due to Position of Taxpayer or *679 Disclosed Item. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Except as otherwise noted, all section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent also determined that petitioners are liable for additions to tax under section 6653(a)(2) for the taxable years 1982 and 1982. ↩
2. Petitioner Alfreda C. Karlin is a party in this case solely because she filed a joint return with her husband for the years in issue. All references to petitioner hereinafter are to Wilfric J. Karlin. ↩
3. The record does not include the birth dates of petitioner's children, John and Ruth. The only evidence of record relevant to the children's ages is petitioner's testimony at the trial in January, 1987, that John was then 23 years old and Ruth was 20 or 21 years old. Based on petitioner's testimony, we find that John and Ruth were not 18 years of age at the time of the alleged gifts in 1975 and 1976 and loans in 1980 and 1981. Thus, petitioner's children were minors at the time of the alleged gifts and loans. Kan. Stat. Ann. § 38-101↩ (1986). 4. We note that 7 percent interest on $ 30,000 equals $ 2,100 on an annual basis, not $ 1,050. Thus, petitioner paid only half of the required interest on each note executed in December, 1980. ↩
5. The confusing evidence of record tends to indicate that the notes dated December 30, 1981, are renewals of the notes dated December 30, 1980, and, therefore, petitioner allegedly borrowed a total of $ 60,000, instead of $ 120,000, from his children in the taxable years 1980 and 1981. ↩
6. Petitioner also deducted interest expense of $ 2,687.78 on Schedule F (Farm Income and Expenses) of his 1982 return. However, only the issue of the deductibility of the interest expense listed on the 1982 Schedule A is before the Court. ↩
7. Petitioner introduced a copy of a gift tax return for the quarter ending December 31, 1976. The return lists petitioner's son, John, as the donee of a $ 15,000 promissory note. However, the return does not list the donee of the second $ 15,000 promissory note. Petitioner did not present evidence establishing that his daughter, Ruth, was the donee of a $ 15,000 promissory note in 1976. ↩
8. Petitioner's brief states that the loans occurred in 1981 and 1982 and that notes evidencing the loans were executed in 1981 and 1982. Admittedly, the claimed interest expenses occurred in 1981 and 1982. However, petitioner presented evidence attempting to establish that loans occurred in 1980 and 1981. Petitioner introduced into the record notes dated December 30, 1980, and December 30, 1981. Additionally, petitioner testified that the interest payments in dispute were with respect to notes executed in 1980 and 1981. Therefore, petitioner's brief presumably inadvertently refers to the alleged loans as occurring in 1981 and 1982, instead of 1980 and 1981. 9. etitioner's brief repeatedly states that he deducted interest payments of $ 2,100 on his 1981 return. However, a review of petitioner's 1981 return reveals an interest expense deduction of only $ 1,500 on Schedule F. ↩
10. In his brief, respondent argues that petitioner's interest payments in 1981 and 1982 are not deductible under section 163 because the promissory notes, which petitioner gave to his children in 1976, are not enforceable obligations under Kansas law and are not genuine indebtedness. Thus, respondent interprets the facts of the instant case as establishing that the interest payments in 1981 and 1982 are in connection with the notes that petitioner gave to his children in 1976. However, petitioner argues that the 1981 and 1982 interest payments are in connection with notes that are dated December 30, 1980, and December 30, 1981, and that are payable to a custodian on behalf of petitioner's children. Regardless of whether the interest payments are pursuant to the 1976 notes, which is argued by respondent, or the 1980 and 1981 notes, which is argued by petitioner, we find that petitioner has failed to prove that he is entitled to the claimed interest expense deductions in the taxable years 1981 or 1982. Rule 142(a). 11. The only evidence of record concerning the alleged gifts of bonds and notes are Federal gift tax returns for the quarters ending December, 1975, and December, 1976. The 1975 return is a copy of a completed Form 709 while the 1976 return is a completed original Form 709. The record does not include evidence establishing that either the 1975 or 1976 return was filed. Furthermore, the copies do not include a description of the municipal bonds and notes including the name of obligor or maker, principal amount, rate of interest and date or dates on which interest is payable. See section 25.6019-4, Gift Tax Regs. 12. The notice of deficiency in which respondent determined the section 6661(a) addition to tax against petitioners was issued on April 24, 1985. As of that date, the section 6661(a) addition to tax was equal to 10 percent of the underpayment attributable to a substantial understatement. Section 6661(a) has twice been amended since then. The Tax Reform Act of 1986, Pub. L. 99-514, section 1504(a), 100 Stat. 2085, 2743, increased the section 6661(a) addition to tax to 20 percent of the underpayment attributable to a substantial understatement for returns the due date of which, determined without regard to extensions, is after December 31, 1986. The Omnibus Reconciliation Act of 1986, Pub. L. 99-509, section 8002(a), 100 Stat. 1874, 1951, increased the section 6661(a) addition to tax to 25 percent of the underpayment attributable to a substantial understatement for additions to tax assessed after October 21, 1986. Respondent has not amended his answer to seek an increase to the section 6661(a) addition to tax over the amount determined in the notice of deficiency. Accordingly, we express no opinion at this time as to the effect of either of the above-referenced Acts on section 6661(a). We merely sustain respondent's determination of section 6661(a) additions to tax equal to 10 percent of the underpayment attributable to the substantial understatement. 13. Section 6661(b) provides: (b) DEFINITION AND SPECIAL RULE. -- (1) SUBSTANTIAL UNDERSTATEMENT. -- (A) IN GENERAL. -- For purposes of this section, there is a substantial understatement of income tax for any taxable year if the amount of the understatement for the taxable year exceeds the greater of -- (i) 10 percent of the tax required to be shown on the return for the taxable year, or (ii) $ 5,000. (B) SPECIAL RULE FOR CORPORATIONS. -- In the case of a corporation other than an S corporation or a personal holding company (as defined in section 542), paragraph (1) shall be applied by substituting "$ 10,000" for "$ 5,000." (2) UNDERSTATEMENT. -- (A) IN GENERAL. -- For purposes of paragraph (1), the term "Understatement" means the excess of -- (i) the amount of the tax required to be shown on the return for the taxable year, over (ii) the amount of the tax imposed which is shown on the return, reduced by any rebate (within the meaning of section 6211(b)(2)). (B) REDUCTION FOR UNDERSTATEMENT DUE TO POSITION OF TAXPAYER OR DISCLOSED ITEM. -- The amount of the understatement under subparagraph (A) shall be reduced by that portion of the understatement which is attributable to -- (i) the tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment, or (ii) any item with respect to which the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return. ↩