T.C. Summary Opinion 2003-28


UNITED STATES TAX COURT


FREDERICK SMITH, JR. AND VANESSA SMITH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12110-01S.                    Filed March 26, 2003.


Frederick Smith, Jr., pro se.

<u>Donna Pahl</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax of $6,276 for 1997, an addition to tax under section 6651(a)(1) of $113, and an accuracy-related penalty under section 6662(a) of $1,255. After concessions by petitioners,[1] the issues for decision are: (1) Whether petitioners received $27,330 of unreported income; (2) whether petitioners are liable for an addition to tax under section 6651(a)(1); and (3) whether petitioners are liable for an accuracy-related penalty under section 6662(a).

Respondent also determined that petitioners are not entitled to certain miscellaneous itemized deductions claimed on Schedule A, Itemized Deductions. These adjustments are computational, and petitioners have not disputed them; therefore, we need not separately address them. Respondent also determined that petitioners are entitled to an additional deduction of $289 for one-half of the self-employment tax determined in the adjustments.

---

[1] Petitioners concede that they failed to report $2,610 of income received by petitioner Vanessa Smith (Mrs. Smith) from "Off The Field Productions" in 1997, and that they filed their 1997 return on May 14, 1998, and, therefore, did not timely file.

Petitioners resided in Carson, California, at the time they filed the petition. Some of the facts have been stipulated and are so found.

Discussion

Petitioner Frederick Smith, Jr. (petitioner) worked as a television engineer for approximately 25 years. In 1997, he also maintained a television production and web design sole proprietorship doing business under the name of "Off The Field Productions" (OTFP). Petitioners claimed a loss of $23,236 on Schedule C, Profit or Loss From Business, attached to their Federal income tax return for 1997, from the OTFP activity.

Mrs. Smith worked part-time for OTFP in 1997 performing office work, such as bookkeeping. She was also employed full-time as an analyst for the University of California, Los Angeles, Medical Center.

OTFP produced a television show pilot in 1997 for Jill Johnson (Ms. Johnson) called "The Fantasy Sports Zone" (FSZ). Petitioner customarily prepared a proposed budget for a client as an estimate of the cost of a project. The budget for the FSZ show was $65,000.

Petitioners maintained an "Itemized Category Report" of income and expenses for OTFP. The Report reflects the following three payments in 1997 relating to the FSZ show:

| Fantasy Sports 25% D... | Fantasy Payment | 16,250 |
| Fantasy 50% payment | Fantasy Payment | 32,500 |
| Fantasy Fee Final/VSS | Fantasy Payment | 20,170 |
| | | 68,920 |

On the 1997 Schedule C, petitioners reported gross receipts of $60,245, total expenses of $83,481, and a loss of $23,236.

Respondent determined in the notice of deficiency dated July 12, 2001,[2] that petitioners failed to report income of $27,330. Respondent determined petitioners' unreported income by an examination of petitioners' records, including the business bank account of OTFP. The unreported income was determined as follows:

| Deposits | $87,765 |
| Less returned checks | 190 |
| Net deposits | 87,575 |
| Gross receipts reported | 60,245 |
| Unreported income | 27,330 |

Respondent also determined that petitioners are liable for an addition to tax under section 6651(a)(1) because the 1997 return was not timely filed. Further, respondent determined that petitioners are liable for an accuracy-related penalty under

---

[2] Petitioners have not argued that the period of limitations for assessment under sec. 6501(a) expired though respondent issued the notice of deficiency more than 3 years after petitioners filed the 1997 return. The 1997 return was filed May 14, 1998, and the notice of deficiency was issued on July 12, 2001. In any event, since we conclude that petitioners omitted from gross income an amount properly includable therein which is greater than 25 percent of the amount of gross income reported in the return, the 6-year period of limitations for assessment is applicable. Sec. 6501(e)(1)(A).

section 6662(a) because of negligence or disregard of the rules or regulations.

As a defense to respondent's determination of omitted income, petitioners seek to characterize the $32,500 check issued to OTFP by Ms. Johnson as a loan.  Petitioner and Ms. Johnson did not execute a loan agreement with respect to the $32,500 payment. Petitioner testified about the payment from Ms. Johnson.  He indicated that it "was a personal loan made from Ms. Jill Johnson to myself" and because it "was sealed with a hug and a handshake outside of her –- outside of our Summer League offices in West L.A., and if that was good enough for her, that was good enough for me."  According to petitioner, Ms. Johnson, a personal friend, lent petitioner the money because he agreed to produce the FSZ show.  OTFP used the $32,500 payment to: (1) Produce the FSZ show; (2) to pay expenses on other projects; and (3) for general office expenses.  Petitioner deposited the check into the business bank account of OTFP.

Petitioner testified that he did not have the funds available to produce the FSZ show and required funds from Ms. Johnson because he was in bankruptcy at the time.  Petitioner produced a letter dated December 21, 1999, from Ms. Johnson which indicated that she lent petitioner funds to assist in the operations of OTFP.

Analysis

Generally, the burden of proof is on the taxpayer. Rule 142(a)(1). The burden of proof may shift to the Commissioner under section 7491 if the taxpayer establishes compliance with the requirements of section 7491(a)(2)(A) and (B) by substantiating items, maintaining required records, and fully cooperating with the Secretary's reasonable requests. Section 7491 is effective with respect to Court proceedings arising in connection with examinations by the Commissioner commencing after July 22, 1998, the date of its enactment by section 3001(a) of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685, 726. The burden of production remains with the Commissioner with respect to the taxpayer's liability for any penalty or addition to tax. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438 (2001).

It is not clear from the record when respondent commenced the examination of petitioners' return; therefore, we are uncertain whether section 7491 is applicable. Nevertheless, petitioners have not established that they complied with its requirements. Accordingly, even if section 7491 were applicable, we conclude that the burden of proof remains upon petitioners.

1. Unreported Income

Gross income means all income from whatever source derived. Sec. 61. When a taxpayer fails to provide adequate records

substantiating income, the Commissioner is authorized to reconstruct the taxpayer's income by using any reasonable method that clearly reflects income, including the use of bank deposit records. Sec. 446(b); Clayton v. Commissioner, 102 T.C. 632, 645 (1994). Bank deposits are prima facie evidence of income. Id. at 645. In calculating the taxpayer's income, the Commissioner must take into account any nontaxable source or deductible expense of which he has knowledge. Id. at 645-646.

Indebtedness means "an unconditional and legally enforceable obligation for the payment of money." Autenreith v. Commissioner, 115 F.2d 856, 858 (3d Cir. 1940), affg. 41 B.T.A. 319 (1940). The traditional indicia of bona fide indebtedness include the existence of a note, an unconditional promise to repay the principal, payment of interest, the existence of a fixed repayment date or a fixed schedule for repayment, whether a demand for repayment has been made, whether the borrower was solvent at the time of the loan, and whether the parties' records reflect the transaction as a loan. Bergersen v. Commissioner, 109 F.3d 56, 60 (1st Cir. 1997), affg. T.C. Memo. 1995-424; Noguchi v. Commissioner, 992 F.2d 226 (9th Cir. 1993), affg. T.C. Memo. 1991-227; Goldstein v. Commissioner, T.C. Memo. 1980-273. Because of the repayment obligation, loan proceeds do not qualify as gross income to the taxpayer. Commissioner v. Tufts, 461 U.S. 300, 307 (1983). Interest is the payment for the use or

forbearance of money.  <u>Deputy v. du Pont</u>, 308 U.S. 488, 498 (1940).

Whether a payment constitutes income when received depends on the parties' rights and obligations at the time that the payment was made.  <u>Commissioner v. Indianapolis Power & Light Co.</u>, 493 U.S. 203, 211 (1990).  Whether a payment is either includable in the gross income of the recipient or is not taxable to the recipient (e.g., as a gift) must be reached on consideration of all factors.  See <u>Commissioner v. Duberstein</u>, 363 U.S. 278, 288, 292 (1960) (reversing Court of Appeals and affirming the Tax Court, finding that a purported gift was a recompense for past services or an inducement for the taxpayer to be of further service in the future).

The payment lacks many of the traditional indicia of debt. See <u>Bergersen v. Commissioner</u>, <u>supra</u>.  Petitioner and Ms. Johnson did not execute a note.  As of the time of trial, petitioner had not paid either principal or interest.  Repayment was due upon demand by Ms. Johnson, but she had not demanded payment of either principal or interest.  Petitioner lost contact with Ms. Johnson, and petitioner was uncertain even how to locate Ms. Johnson at the time of trial.

The $32,500 payment is reflected in petitioners' records as an income item with two other items of income received from FSZ. Petitioner failed to provide the Court with a reasonable

explanation as to why this item should be treated as a loan when OTFP records reflected the $32,500 as income. We also note that petitioners' record of payments from FSZ ($68,920) is approximately consistent with the budget of $65,000.

Based on the foregoing we conclude that the $32,500 was not a loan, and respondent's determination of omitted income is sustained.

## 2. Section 6651(a)(1) Addition to Tax

Respondent determined that petitioners are liable for an addition to file under section 6651(a)(1) for failure to file their return timely. The parties stipulated that petitioners filed the return for the 1997 tax year late, on May 14, 1998.

Petitioners have not argued or presented any evidence that would indicate that their failure to file timely was due to reasonable cause. Accordingly, respondent's determination is sustained.

## 3. Section 6662(a) Accuracy-Related Penalty

Section 6662 provides that if any portion of any underpayment required to be shown on a return is due to negligence or disregard of the rules or regulations, then a taxpayer will be liable for a penalty equal to 20 percent of the underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of the rules or regulations. Sec. 6662(a) and (b)(1). "Negligence" includes any failure to make a reasonable attempt to comply with

the provisions of the Code. Sec. 6662(c). "Disregard" includes any careless, reckless, or intentional disregard. Id.

The penalties provided for in section 6662 will not be imposed with respect to any portion of an underpayment if it is shown that there was reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. Sec. 6664(c)(1). Whether the taxpayer has acted with reasonable cause and in good faith is determined by relevant facts and circumstances, including the taxpayer's own efforts to assess his proper tax liability. Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b), Income Tax Regs.

There is no support in this record that the payment petitioners received was a loan. There is nothing in the record that indicates that the underpayment was due to reasonable cause or that petitioners acted in good faith. Respondent is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for respondent.