T.C. Summary Opinion 2017-19

UNITED STATES TAX COURT

PARDEEP SINGH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15375-15S.                    Filed March 23, 2017.

Pardeep Singh, pro se.

<u>Tyson R. Smith</u> and <u>Thomas R. Mackinson</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in, additions to tax to, and accuracy-related penalties on petitioner's Federal income tax for 2011 and 2012:

| Year | Deficiency | Addition to tax sec. 6651(a)(1) | Penalty sec. 6662(a) |
|------|-----------|-------------------------------|---------------------|
| 2011 | $8,888 | $911 | $1,777 |
| 2012 | 9,398 | 834 | 1,879 |

After concessions by the parties,[2] the issues for decision are:

_____

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code, as amended and in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts have been rounded to the nearest dollar.

[2] Respondent concedes that:  (1) petitioner is entitled to deductions on Schedules C, Profit or Loss From Business, for car and truck expenses of $8,216 and $6,371 for 2011 and 2012, respectively; (2) petitioner is entitled to a Schedule C deduction for utilities expenses of $2,224 for 2012; and (3) petitioner's State income tax refund of $228 is not includable in his taxable income for 2011. Petitioner concedes that he is:  (1) not entitled to Schedule C deductions for meals and entertainment expenses of $3,570 and $2,226 for 2011 and 2012, respectively; (2) not entitled to a Schedule C deduction for travel expenses of $1,788 for 2011; (3) not entitled to a Schedule C deduction for the remaining utilities expenses of $272 for 2012; and (4) liable for additions to tax under section 6651(a)(1) for 2011 and 2012.  Both parties agree that petitioner's self-employment tax (and self-employment tax deduction) for the years in issue will be adjusted on account of

(continued...)

(1) whether petitioner is entitled to home mortgage interest deductions of $38,400 and $53,200 that he claimed on Schedules A, Itemized Deductions, for 2011 and 2012, respectively;

(2) whether petitioner is entitled to a mortgage "points" deduction of $4,000 that he claimed on Schedule A for 2011; and

(3) whether petitioner is liable for the accuracy-related penalty under section 6662(a) for 2011 and 2012.

## Background

Some of the facts have been stipulated, and they are so found. The Court incorporates by reference the parties' stipulation of facts and the accompanying exhibits.

Petitioner resided in the State of California at the time that the petition was filed with the Court.

In 1984 petitioner and his wife purchased a single-family home in Belmont, California (Belmont property), and resided there until it was sold in February 2016.

---

[2](...continued)
the foregoing concessions.

Petitioner financed the purchase of the Belmont property with a 30-year mortgage with Washington Mutual Bank for $165,000. At some point petitioner took out a second mortgage on the Belmont property with Thaler Investment.

In 2008 petitioner refinanced both mortgages on the Belmont property with a $350,000 mortgage from an unrelated private lender that was reflected in the Borrower Final Closing Statement and the Deed of Trust. The loan accrued interest at the rate of 11% per annum, with interest only payments for an indefinite period. Petitioner's monthly payment was $3,208.

In the late 2000s petitioner experienced financial problems but was able in 2011 to make loan repayments of $19,200 to an agent of the private lender. Thereafter, in April 2012 petitioner received a collection notice notifying him that his loan repayments were in arrears by 16 monthly payments and that he was subject to late payment charges and other fees. Later in 2012, after receiving the collection notice, petitioner made four payments totaling $73,636, including late payment charges and other fees, directly to the private lender.

Petitioner self-prepared and filed his 2011 and 2012 Federal income tax returns. On his 2011 Schedule A petitioner claimed, as relevant, itemized deductions of $38,400 for home mortgage interest and $4,000 for mortgage points.

On his 2012 Schedule A petitioner claimed, as relevant, an itemized deduction of $53,200 for home mortgage interest.

On March 10, 2015, respondent sent petitioner a notice of deficiency. As relevant, respondent disallowed the home mortgage interest deductions for 2011 and 2012 as well as the deduction for mortgage points for 2011. Additionally, respondent determined that petitioner was liable for accuracy-related penalties under section 6662(a) for 2011 and 2012 on the basis of both negligence or disregard of rules or regulations and a substantial understatement of income tax.

In response to the notice of deficiency petitioner filed a timely petition for redetermination with the Court.

## Discussion

In general, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are allowed solely as a matter of legislative grace, and the taxpayer bears the burden of proving his or her entitlement to them. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 6001 requires taxpayers to maintain records sufficient to establish the amount of each deduction. Hradesky v.

Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), (e), Income Tax Regs.

I. Home Mortgage Interest

As a general rule, a taxpayer may claim a deduction for "all interest paid or accrued within the taxable year on indebtedness." Sec. 163(a). Indebtedness means an unconditional and legally enforceable obligation for the payment of money. Autenreith v. Commissioner, 115 F.2d 856, 858 (3d Cir. 1940), aff'g 41 B.T.A. 319 (1940); Linder v. Commissioner, 68 T.C. 792, 796 (1977). Section 163(h) prohibits an individual taxpayer from deducting personal interest paid or accrued during the taxable year. One of the limited exceptions to this general rule permits individuals to deduct qualified residence interest. Sec. 163(h)(2)(D). Qualified residence interest is interest paid or accrued during the taxable year on acquisition indebtedness or home equity indebtedness with respect to any qualified residence of the taxpayer. See sec. 163(h)(3)(A). A qualified residence includes a taxpayer's principal residence. Sec. 163(h)(4)(A)(i)(I).

The parties do not dispute that the Belmont property was petitioner's qualified residence at all relevant times or that the home mortgage interest payments constituted qualified residence interest. Instead, the disagreement between the parties focuses on whether petitioner has adequately substantiated his

home mortgage interest payments for the years in issue. Petitioner contends that he is entitled to deductions for home mortgage interest of $38,400 and $53,200 for 2011 and 2012, respectively. Respondent contends that petitioner has failed to substantiate that he paid home mortgage interest in the amounts claimed.

We find petitioner's copies of cashier's checks and canceled checks, corroborated by the Borrower Final Closing Statement, and petitioner's testimony to be credible evidence that petitioner paid home mortgage interest during the years in issue. Accordingly, we conclude that petitioner has substantiated payment of $19,200 and $53,200 for this expense for 2011 and 2012, respectively, and is thus entitled to home mortgage interest deductions in those amounts.[3]

II. Mortgage Points

Prepaid finance charges, to the extent such charges represent interest on a loan, are generally deductible over the life of the loan. Sec. 461(g). The term "points" refers to a fee equal to a percentage of the total loan, generally paid to the lending institution to lower the interest rate. Generally, points are considered prepaid interest. Kelly v. Commissioner, T.C. Memo. 1991-605.

---

[3] In 2012 petitioner paid more than $53,200 to the private lender, but he claimed only $53,200 as mortgage interest on his return for that year. The Court is not convinced that any greater amount constitutes qualified residence interest for 2012.

Section 461(g) requires a cash basis taxpayer to amortize prepaid interest over the life of the loan, just as if the taxpayer were on the accrual method of accounting. Id. However, section 461(g) provides an exception that allows a taxpayer to deduct the payment of certain points if they were paid "in connection with the purchase or improvement of, and secured by, the principal residence of the taxpayer". Sec. 461(g)(2). Points paid when the taxpayer refinances indebtedness on a personal residence to obtain a lower interest rate, however, generally are not "incurred in connection with the purchase or improvement" of the taxpayer's residence; such points are not immediately deductible and must be amortized. See Kelly v. Commissioner, T.C. Memo. 1991-605.

Petitioner did not introduce any evidence to demonstrate, and the record does not indicate, that his refinancing was in connection with the purchase or improvement of his personal residence. Therefore, petitioner is not entitled to deduct mortgage points of $4,000 for 2011. Petitioner is also not entitled to amortize the points for 2011 (or, for that matter, for 2012) because the loan from the private lender was for an indefinite period. See sec. 461(g).[4]

---

[4] Whether petitioner is entitled to deduct the points in full for 2016, the year in which the Belmont property was sold and the loan to the private lender was paid, is a matter not properly before the Court.

III. <u>Accuracy-Related Penalty</u>

As relevant herein, section 6662(a) and (b)(1) and (2) imposes a penalty equal to 20% of the amount of any underpayment attributable to either (1) negligence or disregard of rules or regulations or (2) a substantial understatement of income tax. <u>See</u> sec. 6662(c) (regarding negligence) and (d) (regarding substantial understatement of income tax).

An understatement of income tax is "substantial" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. Sec. 6662(d)(1)(A). By definition an understatement generally is the excess of the tax required to be shown on the tax return over the tax actually shown on the return. Sec. 6662(d)(2)(A). "Negligence" includes any failure to make a reasonable attempt to comply with the Internal Revenue Code. <u>See</u> sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

With respect to a taxpayer's liability for the penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to produce sufficient evidence indicating that it is appropriate to impose the penalty. <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001). Once the Commissioner satisfies the burden of production, the taxpayer must produce persuasive evidence that the Commissioner's determination is incorrect.

See Rule 142(a); Welch v. Helvering, 290 U.S. at 115; Higbee v. Commissioner, 116 T.C. at 447.

Respondent established that petitioner failed to maintain adequate records fully substantiating all of the expenses underlying the deductions claimed on his 2011 and 2012 returns. Accordingly, respondent has satisfied his burden of production.

Section 6664 provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment. Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. The decision whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor in so deciding is the extent of the taxpayer's effort to assess the proper tax liability. Id.

A. 2011

Petitioner did not introduce any persuasive evidence that he was entitled to more than $19,200 of the home mortgage interest deduction that he claimed for 2011. Petitioner also failed to make a reasonable attempt to comply with applicable provisions of the Internal Revenue Code by claiming the $4,000

deduction for mortgage points for that year.  Furthermore, petitioner failed to explain his conceded Schedule C deductions.  See supra note 2.  Therefore, to that extent, we sustain respondent's determination that petitioner is liable for the accuracy-related penalty for 2011.

B.  2012

Petitioner adequately substantiated the expenses underlying his home mortgage interest deduction for 2012, but he failed to provide an explanation for the Schedule C deductions that he conceded.  Therefore, to that extent, petitioner has not shown that he exercised reasonable care and acted in good faith with respect to the underpayment of income tax for 2012.

To reflect the foregoing,

Decision will be entered

under Rule 155.